■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORNELL CORLEY and SADIE CORLEY, Appellants.—Appeal by the defendant Dornell Corley from two judgments of the Supreme Court, Queens County (Zelman, J.), both rendered June 14, 1985, convicting him of criminal possession of a controlled substance in the second degree (one count under indictment No. 1698/83 and one count under indictment No. 5550/84), upon his pleas of guilty, and imposing sentences.

Appeal by the defendant Sadie Corley from a judgment of the same court, rendered June 10, 1985, convicting her of criminal possession of a controlled substance in the third degree (under Superior Court information No. 2322/85), upon her plea of guilty, and imposing sentence.

The appeals bring up for review the denial, after a hearing, of those branches of the defendants' respective omnibus motions which were to suppress evidence obtained pursuant to a search warrant.

Judgments rendered June 14, 1985, affirmed.

Judgment rendered June 10, 1985, affirmed, and case remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

A review of the affidavit supporting the application for the search warrant demonstrates that there was sufficient information before the issuing Judge to support her determination that probable cause existed to believe that the controlled substances and other items described in the warrant could be found at the address as set forth therein (see, People v Hanlon, 36 NY2d 549, 559). Therefore, the warrant was to be presumed valid and the burden of proving otherwise fell upon the challengers. As the defendants have not shown that there was an abuse of discretion by the issuing Judge, the validity of the warrant was properly upheld by the hearing court (see, People v Manuli, 104 AD2d 386).

Additionally, the defendants failed to demonstrate at the hearing that the supporting affidavit included false statements made knowingly and intentionally or with reckless disregard for the truth (see, Franks v Delaware, 438 US 154, 155-156). Weinstein, J. P., Niehoff, Lawrence and Eiber, JJ., concur.