THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS HARDY, Appellant.

On the afternoon of August 19, 1984, the defendant was arrested for possession of cocaine. According to the arresting officer, he observed three men huddled beside a service road and, upon approaching them, noticed that the defendant was holding a plastic bag containing a white powder. When the men became aware of the police officer's presence, they ran; the officer chased and apprehended the defendant. The police officer testified that the defendant admitted the powder was cocaine, but stated that he only wanted to buy $30 worth. Thereafter, on two separate occasions, the defendant allegedly made similar statements.

The defendant presented four witnesses who testified that they went to the park with the defendant and other members of a block association for a picnic. They saw a man run by with a police officer in pursuit. A short time later, the police officer returned, grabbed the defendant and stated something to the effect, "If I don't get him, I'm taking you". The four defense witnesses testified that they never lost sight of the defendant and that he did not engage in any drug transaction. The defendant argued that the police officer lied about the incident and fabricated the statements he supposedly made after his arrest.

On this appeal, the defendant contends that the trial court improperly conveyed to the jury the impression that the defendant in fact made the statements, and erred when it denied his request that the jury be charged that the defendant denied making the statements attributed to him. We agree.

In its charge to the jury, the court repeatedly referred to the "defendant's statements to the police while in custody", and specifically stated "remember *there was a statement* he made saying something about I only wanted to buy $30 worth. It is your recollection of *what he said* that controls". In its charge on identification, the court indicated that to support their claim that the police had "the right man", the People presented the testimony of the arresting officer and stated "[t]hey offered the evidence of his statements that he was only trying to buy $30 worth". The court did instruct the jurors that they could not consider the statements as evidence if they found they were involuntarily made; however, under the circumstances of this case, the jurors should also have been told that they could not consider the statements unless the People established beyond a reasonable doubt that the statements were actually made, and that the defendant had no burden to prove he did not make the statements *(see,* 1 CJI [NY] 11.10 pp 686-687; *People v Martin,* 115 AD2d 565).

The court also erred when it denied the jury's request to have the testimony of the defense witnesses read back to it. The request was clear and unequivocal, and should have been granted *(see, People v Arcarola,* 96 AD2d 1081). The cumulative effect of these errors deprived the defendant of a fair trial. Lazer, J. P., Niehoff, Lawrence and Kooper, JJ., concur.