■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH BAKKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered September 6, 1985, convicting him of a scheme to defraud in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dunkin, J.), of those branches of the defendant's omnibus motion which were for the suppression of physical evidence and his statements to the police.

Ordered that the judgment is affirmed.

The defendant operated a business known as the Coupon

Trader Store which dealt with the distribution of manufacturer's coupons for basic supermarket items. For $1, a customer could get one book and $2 worth of coupons. A customer could become a club member for $20 which entitled him or her to receive a book each month in the mail and $40 worth of coupons or the right to three "tradeups" of up to $150 in value. To trade, a customer had to submit 2 coupons for 1 plus 3 cents per coupon. The defendant never had enough books to distribute to his customers although he would constantly promise future distributions and make new customer lists. The record contains evidence of complaints by customers from various geographic locations who had subscribed for membership through the mail while receiving nothing in return. Employee Linda Kupidlowski revealed that during the course of her approximately two months' tenure at the Coupon Trader Store, mail orders were received at its Northern Boulevard address on a daily basis. The volume of responses was dependent upon the number of newspaper advertisements which the defendant was currently running. At the commencement of Ms. Kupidlowski's employment, the defendant had approximately 600 to 1,000 unfilled orders. These continued to accumulate during the course of her employment.

On one occasion, an employee inquired of the defendant whether he was operating a bogus business in an attempt to defraud people. The defendant replied that he had never been caught before and that he never would be caught for it.

Upon the defendant's inability to meet his payroll, employee Miriam Ehrenzweig photocopied various letters of complaint and referred them to an Assistant District Attorney. The letters were from complainants in various States, threatening to report the defendant for not sending coupons, and from the postal service and bill collectors. The defendant had been using five different names and addresses.

Detective Arthur Nascarella questioned the defendant in the office of the Queens District Attorney after having read him his rights. In the course of the interview, the defendant admitted that he did not know the location of the post office in his vicinity from which he could have arranged bulk mailings. The defendant then offered to make amends with the people he had not mailed anything to in exchange for a discontinuance of the investigation. The defendant specifically indicated that he would make cash restitutions to the complainants. The defendant also informed Detective Nascarella that his business records were destroyed in a fire some months prior to the interrogation and that no records were available from that

point on. Significantly, the defendant was free to leave and did in fact leave at the end of his conversation with the detective.

In the course of the trial, the defense counsel sought to cross-examine Detective Nascarella with respect to his having read the defendant his rights as required by *Miranda v Arizona* (384 US 436) and to place before the jury the issue of whether or not the statement had been obtained in violation of the defendant's rights. The trial court denied the application but noted that the issue was "preserved for an appeal". The defendant made no objection to the introduction of the statement at trial. The record contains no indication of a request on the part of the defendant for the trial court to charge the jury on the issue of the voluntariness of the statement. Moreover, the defendant made no objection to the court's failure to so charge.

In the instant case, Detective Nascarella's testimony that the defendant voluntarily agreed to speak with him in a noncustodial setting and that the *Miranda* warnings were administered is uncontested. Unlike the situation in *People v Graham* (55 NY2d 144), there was, in the instant case, no evidentiary support for the defendant's attack on the voluntariness of the statement on the ground that the police officer to whom the subject statement was made had failed to fully advise the defendant of his constitutional rights. Furthermore, in view of the overwhelming evidence of the defendant's systematic ongoing conduct designed to falsely obtain property, it cannot be said that the content of the statement made by the defendant to Detective Nascarella was necessary in order for the People to prove that the defendant possessed the requisite intent to commit the crimes with which he was charged. Under the circumstances, any error involved in the trial court's failure to permit the defendant to place before the jury the issue of the voluntariness of his statement to the police was, at worst, harmless error *(cf., People v Sutton,* 122 AD2d 896).

A review of the affidavit of Detective Nascarella in support of the application for a search warrant summarizing the information received from three reliable citizen informants, as well as from his interview with the defendant, indicates that there was sufficient information before the issuing Judge to support his determination that probable cause existed to believe that the defendant was involved in a scheme to defraud *(see, People v Marriaga,* 124 AD2d 751; *People v Wollenberg,* 123 AD2d 413; *People v Corley,* 122 AD2d 279, *lv denied* 68 NY2d 811). Accordingly, the court properly denied that

branch of the defendant's omnibus motion to controvert the search warrant and to suppress the evidence seized thereunder.

We have considered the defendant's remaining contention and find it to be without merit. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.