■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE SMITH, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Kings County (Goldman, J.), both rendered June 26, 1984, convicting him of manslaughter in the first degree under indictment No. 115/83, and attempted robbery in the first degree under indictment No. 5092/83, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

On January 3, 1983, Fitzgerald Johnson, 65, was found dying of gunshot wounds on Hamilton Place in Brooklyn. The police were informed that one of the assailants was wearing a maroon leather hat and coat and another was wearing a silver and blue bomber jacket.

The defendant was among a group of young people who were taken to the police station for questioning as witnesses. At about 9:30 P.M. the defendant was asked if he knew anyone who owned a burgundy leather coat with a matching hat. The defendant said that he did, and that he had loaned it to a

friend named Larry Ling earlier that day. The defendant then stated that four youths had come to his house to discuss a robbery, and that they asked him to help. The defendant was allowed to converse with his mother, and then he stated that he had seen two of his friends, Raymond Strawder and Derrick Richardson, shoot Mr. Johnson.

Ronald Strawder, Raymond's brother, was interviewed and corroborated the defendant's account. Raymond was told that his brother had confessed and implicated him in the crime. Raymond then confessed, and said that he and the other four youths planned the crime at the defendant's house. At that time the defendant had given him the pistol that he used. After the crime the five youths returned to the defendant's home, and Raymond returned the pistol to the defendant.

On the strength of Raymond Strawder's statement, the police obtained a warrant to search the defendant's apartment. The search warrant was executed at 9:00 A.M. on January 4, 1984. The police recovered three spent .38 caliber shell casings, a brown suede holster, two brown bomber jackets and a maroon hat.

The hearing court suppressed the defendant's initial statement to the police and the statement that he had made after speaking with his mother. The court did not suppress the physical evidence that was found when the search warrant was executed.

On appeal, the defendant claims that the physical evidence should have been suppressed. He contends that, absent his illegally obtained statements, the police would not have interviewed Raymond Strawder and Raymond Strawder would not have told them that the murder weapons were at his apartment. This argument is not preserved for appellate review, because the defendant did not present it to the hearing court (see, People v Tutt, 38 NY2d 1011, 1012-1013; People v Rondan, 116 AD2d 750, 752, lv denied 67 NY2d 950). In any event, the taint was sufficiently attenuated because the police did not exploit the illegally obtained confession in questioning Raymond Strawder, and because Raymond Strawder gave his statement voluntarily (see, People v Barksdale, 133 AD2d 770, lv denied 70 NY2d 1003) after being advised that his brother Ronald and Larry Ling, whose statements had been legally obtained as participants in the incident, had implicated him.

The defendant also contends that the affidavit which accompanied the application for a search warrant was insufficient because the information that was given would not support the

conclusion that his gun could be found in the place to be searched. The affidavit described Raymond Strawder's confession and stated that he had given the pistol used in the murder to the defendant in the defendant's apartment. This presented the issuing Judge with "information sufficient to support a reasonable belief that * * * evidence of a crime may be found in a certain place" (see, People v Bigelow, 66 NY2d 417, 423; People v Corley, 122 AD2d 279, lv denied 68 NY2d 811).

The defendant did not preserve his claim regarding defects in his guilty pleas, because he did not move pursuant to CPL 440.10 to vacate the judgment (see, People v Pellegrino, 60 NY2d 636, 637; People v Torres, 111 AD2d 837). Reversal in the interest of justice is not warranted. The record reveals that the pleas were knowingly and voluntarily entered with the assistance of counsel, and there is no suggestion that the pleas were improvident and baseless (see, People v Caban, 131 AD2d 863).

The sentencing court gave appropriate consideration to the defendant's circumstances, and there is no need to disturb his sentences (see, People v Suitte, 90 AD2d 80). Bracken, J. P., Rubin, Sullivan and Balletta, JJ., concur.