■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT EPPS, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered April 12, 1988, convicting defendant after a jury trial, of kidnapping in the second degree (Penal Law § 135.20), two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]), and grand larceny in the second degree (Penal Law § 155.40 [2]) and sentencing him to concurrent indeterminate terms of imprisonment of 8⅓ to 25 years on the kidnapping count and 5 to 15 years each on the robbery and larceny counts, unanimously affirmed.

On the evening of July 22, 1987, a prostitute, Michelle Stevens, entered the complainant's car while he was stopped in traffic on 45th Street near 10th Avenue in Manhattan, and offered to perform a sexual act for a sum of money. When he declined, Stevens grabbed the complainant's car keys and fled. The complainant pursued Stevens, who called out to two males, one being the defendant, that the complainant had taken $20 from her. Defendant and the second male then approached the complainant and insisted that he would have to produce some money to get his car keys back.

For the next several hours, defendant and Stevens drove the complainant to eight bank cash machines to retrieve money, but he was too nervous to push the buttons correctly. Throughout this period, defendant and Stevens threatened to kill him.

At about 2:00 A.M., complainant was taken to his apartment, where he obtained money and gave defendant and Stevens each $40. Nevertheless, complainant was still not released, but was driven around for another two hours, during which time more threats of death and of mutilation were

issued. When complainant saw a police car, he managed to slam his foot on the brake, sending the car out of control and alerting the officers to his plight.

Defendant's principal argument on appeal is that the merger doctrine is applicable. That doctrine is intended to "preclude conviction for kidnapping based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them." *(People v Cassidy,* 40 NY2d 763, 767.) The rule " 'has no purpose of ignoring as independent crimes alternative or optional means used in committing another crime which, by the gravity and even horrendousness of the means used, constitute and should constitute a separately cognizable offense' ". *(Supra,* at 767, quoting *People v Miles,* 23 NY2d 527, 539, *cert denied* 395 US 948.)

Applying these principles, we conclude that the merger doctrine will not serve to bar the kidnapping conviction in this case. The record is clear that this abduction was not incidental to the other crimes. The complainant's confinement continued for two hours after the completion of the robbery and larceny, and those two hours were marked by unusual cruelty, including threats of mutilation and a stop in a secluded area, where defendant threatened to kill the complainant while discussing with Stevens the best place to dump his body. *(See, People v Riley,* 70 NY2d 523, 532.)

We have considered the other claims raised in this appeal, and find them to be without merit. Concur—Murphy, P. J., Asch, Kassal and Rubin, JJ.