■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE JOE NICHOLS, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: On appeal from his conviction of second degree burglary and petit larceny, defendant argues, *inter alia,* that the court erred in refusing to suppress his statements and that reversal is required as a result of the court clerk's response to a jury request for the reading of certain testimony. We agree.

The court should have suppressed defendant's postarrest statements on the ground that they were obtained in violation of his right to counsel, which attached indelibly upon the filing of the accusatory instrument and the issuance of the arrest warrant *(People v Cullen,* 50 NY2d 168; *People v Samuels,* 49 NY2d 218). Although that issue was not raised at the suppression hearing, it was raised at trial and, at any rate, may be raised for the first time on appeal *(People v Cullen, supra,* at 174; *People v Samuels, supra,* at 221). There is no merit to the People's contention that defendant's statements were spontaneous. The record makes clear that defendant's statements were made during the course of an "extended discussion" between him and the arresting officers *(People v Lucas,* 53 NY2d 678, 680, *rearg denied* 54 NY2d 642). In pulling the car over to the side of the road in order to continue the conversation, the officers engaged in conduct that reasonably should have been anticipated to evoke incriminating statements from defendant *(People v Rivers,* 56 NY2d 476, *rearg denied* 57 NY2d 775; *People v Lucas, supra; People v Lynes,* 49 NY2d 286). Contrary to the People's contention, it cannot be concluded on this record that the error in admitting defendant's statements was harmless.

In any event, reversal is required because of the court clerk's handling of the jury request. The proper procedure, of

course, is for a jury request to be delivered to the trial court, and for the court to take appropriate action in the presence of the parties (CPL 310.10, 310.30). Here, when the court clerk communicated with the jury through a court officer without notifying the court or the parties, there was a violation of defendant's right to be present at all critical stages of trial *(People v Mehmedi,* 69 NY2d 759, 760, *rearg denied* 69 NY2d 985; *People v Owens,* 69 NY2d 585, 590). Additionally, the unsupervised communication between court personnel and the jurors violated defendant's right to the presence of the Trial Judge at such critical stage *(People v Torres,* 72 NY2d 1007, 1008-1009; *People v Ahmed,* 66 NY2d 307, 311-312, *rearg denied* 67 NY2d 647). Those errors cannot be waived or consented to *(see, People v Ahmed, supra),* nor are they subject to harmless error analysis *(People v Mehmedi, supra,* at 760-761). Further, reversal is required because of the failure of the court or its clerk to respond "meaningfully" to the jury's request for the reading of certain testimony *(People v Malloy,* 55 NY2d 296, 302, *cert denied* 459 US 847; *People v Hamilton,* 140 AD2d 1001; *People v Hardy,* 124 AD2d 676, 677; *People v Arcarola,* 96 AD2d 1081, 1082). Following the jurors' request to hear the testimony of the victim's neighbors and of defendant, they were informed that they could not hear that testimony in its entirety. Obviously, defendant was prejudiced as a result of the jury's being told that its request was improper. Whereas the jury's original request sought to hear defendant's complete testimony, its subsequent note to the court did not request any part of defendant's testimony *(see, People v Hamilton, supra; People v Hardy, supra).* (Appeal from judgment of Niagara County Court, DiFlorio, J.—burglary, second degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lowery, JJ.