■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK STOKES, Appellant.—Judgment unanimously reversed on the law and new trial granted, in accordance with the following Memorandum: The court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371) violated the rule established in *People v Betts* (70 NY2d 289). Under that rule, "a defendant is entitled to a pretrial ruling, based on the assertion of the privilege against self-incrimination, precluding the prosecution from cross-examining for credibility purposes only as to pending unrelated criminal charges if defendant takes the stand as a witness at the trial" *(People v Betts, supra,* at 291). Here, the court's *Sandoval* ruling permitted inquiry into the facts of a pending unrelated charge, and therefore constituted reversible error.

It was error for the court to rule that defendant would be permitted to introduce his expert testimony only if he waived his right to challenge certain evidence that was inadmissible *(see, People v Caserta,* 19 NY2d 18, 21; *People v Trowbridge,* 305 NY 471).

Finally, the court clerk's unsupervised contact with the jury is per se reversible error. Communication between court personnel and the jurors in the absence of defendant and without notification to him or his attorney constituted a violation of defendant's right to be present at all critical stages of trial *(see, People v Mehmedi,* 69 NY2d 759, 760, *rearg denied* 69 NY2d 985; *People v Owens,* 69 NY2d 585, 590; *People v Nichols,* 163 AD2d 904). Further, the unsupervised communication between court personnel and the jurors violated defendant's right to the presence of the Trial Judge at a critical

stage *(People v Torres,* 72 NY2d 1007, 1008-1009; *People v Ahmed,* 66 NY2d 307, 311-312, *rearg denied* 67 NY2d 647; *People v Nichols, supra).* Those errors were compounded in this case when the court clerk furnished the jurors with a fact not in evidence. Although the People argued that defendant waived any error and that any error was harmless, such errors cannot be waived or consented to by defendant and are not subject to harmless error analysis *(People v Mehmedi, supra,* at 760-761; *People v Ahmed, supra; People v Nichols, supra).* (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Robbery, 1st Degree.) Present—Dillon, P. J., Denman, Green, Lawton and Davis, JJ.