■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO RODENA, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered February 7, 1989, convicting the defendant after a jury trial of kidnapping in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the fourth degree, for which defendant was sentenced as a second felony offender to concurrent terms of 12½ to 25 years, 7½ to 15 years, and 1 year, respectively, unanimously affirmed.

The defendant accosted the young female victim as she got off the elevator in her building. After placing her in a headlock, at knifepoint, he demanded her money; she responded that her money was in her bag. Instead of stealing the bag at that time, the defendant forced her down the staircase, up the block, through a park, into another building, and up the staircase to that building's top landing. During this trip, defendant did take her bag, told her to act as though they were friends as they walked in public, and threatened to kill her if she said anything. When they reached the staircase landing, he took off his jacket, which he placed on the staircase, and started to unravel a wire in one hand, while flashing his knife with the other hand, as he backed the victim into a corner. Police officers, who were responding to an unrelated radio run, interceded, and arrested the defendant.

We find that the merger doctrine is inapplicable in the present case. The abduction was a distinct and separate offense, rather than being merely incidental to the attempted robbery. The merger doctrine is intended to "preclude conviction for kidnapping based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them." *(People v Cassidy,* 40 NY2d 763, 767.) However, when the record makes clear that the abduction is not incidental to the other crimes, and the complainant's confinement continues after completion of a robbery, the merger doctrine will not serve to bar a kidnapping conviction *(People v Epps,* 160 AD2d 171). In the present case, we cannot conclude that the extent and the nature of this abduction was inextricably linked with

a purse snatching, so that the robbery could not have been committed without the subsequent restraint of the victim's movement.

With respect to the *Sandoval* ruling, it was not error for the trial court to permit inquiry into sentences as well as the fact that defendant had prior felony convictions *(see, People v Wood,* 94 AD2d 814, 815). Nor would remoteness alone require preclusion of prior convictions for impeachment purposes. *(People v Ortiz,* 156 AD2d 197.) We cannot conclude that the trial court abused its discretion *(People v Jones,* 158 AD2d 346, *lv denied* 76 NY2d 737). Concur—Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.