■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BUTTS, Appellant.—Judgment, Supreme Court, Bronx County (Herbert Shapiro, J.), rendered November 9,

1987, convicting defendant, after jury trial, of robbery in the first degree, burglary in the first degree, and kidnapping in the second degree, and sentencing him to concurrent terms of imprisonment of 8 to 24 years on each count, and judgment of the same court, rendered December 3, 1987, convicting defendant, upon his unrelated plea of guilty, of robbery in the first degree, and sentencing him to a term of imprisonment of 8 to 24 years, to run concurrently with the sentence imposed on the jury conviction, unanimously affirmed.

Evidence at trial was that defendant accosted the complainant on the street, robbed him of his money, forced him to assist defendant in burglarizing the complainant's apartment, and then forced him to accompany defendant and an accomplice on an automobile ride to a Bronx location where defendant directed the complainant to assist in the exchange of the complainant's televison set for what appeared to be drugs. When defendant's initial demand for money was rebuffed by the complainant, defendant put his hand inside his jacket pocket and asked if it would "make a difference" if he had a gun. Thereafter, defendant kept his hand in his pocket as he gave orders to the complainant. Believing that defendant had a gun, and fearing for his life, the complainant complied with defendant's demands.

Contrary to defendant's claim on appeal, defendant's reference to a gun, combined with his demands upon the complainant while keeping his hand in his jacket pocket, constituted sufficient evidence of a display of what appeared to be a firearm, to support that element of both robbery in the first degree and burglary in the first degree (see, e.g., People v Lopez, 73 NY2d 214). The same words and conduct sufficed to establish the threatened use of deadly physical force element of kidnapping in the second degree (see, e.g., People v Dodt, 61 NY2d 408, 414-415).

As the robbery was completed at the time the personal property was deposited in the automobile driven by defendant's accomplice, the kidnapping charge is separate and distinct from the robbery charge. Thus defendant's claim, raised for the first time on appeal, that the kidnapping charge should be merged with the robbery count as incidental thereto and inseparable therefrom, is meritless (see, e.g., People v Epps, 160 AD2d 171, lv denied 76 NY2d 734).

We have considered defendant's additional and alternative claims and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Ellerin and Kassal, JJ.