■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK SHARLOW, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered June 5, 1989, convicting him of burglary in the second degree (two counts) and robbery in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with committing crimes against the same elderly man on two different days in March 1988. Because of poor eyesight, the victim was unable to identify his assailant. Consequently, the People's case was predicated on an oral confession given by the defendant to a detective, which was written down by the detective but not signed by the defendant. During the trial, the defense counsel argued that there was insufficient evidence that the defendant had made the confession attributed to him.

In its charge, the Trial Justice instructed the jury with respect to the confession as follows:

"As you are aware * * * during the trial a statement, alleged to have been made by the defendant, Derek Sharlow, to Officer Agosta has been admitted into evidence, and [h]as been read to you.

"I now instruct you that even though the statement has been admitted into evidence and you are aware of its contents, you must give no weight whatsoever to the statement in arriving at your verdict, unless you find in accordance with

my instructions, first that it was voluntarily made, and second that it was truthful. Whether the statement was voluntarily made, and whether the statement is truthful, are both issues of fact for the jury to determine in accordance with [the] legal definitions of those terms.

"I instruct you, that the burden of proof is on the People to convince you beyond a reasonable doubt that the defendant— A: that the statement was voluntarily made, and also that the statement was truthful.

"I further instruct you, that if the People failed to establish to your satisfaction beyond a reasonable doubt that the statement was voluntarily made, you must in arriving at your verdict disregard it and strike it from your mind, as though you had never heard it.

"You must disregard it even if you believe the statement was, in all respects truthful. And even if the People prove to your satisfaction beyond a reasonable doubt that the statement was voluntarily made, the People must also prove to your satisfaction beyond a reasonable doubt that the statement was in whole or in part truthful."

At the conclusion of the charge, the defense counsel requested that the court further instruct the jury that the People had to initially prove beyond a reasonable doubt that the defendant had made the confession. The Trial Justice refused, indicating, in effect, that he had already so charged. We agree.

The charge as a whole was entirely proper and did not convey a predetermination of the issues (see, People v Woods, 41 NY2d 279, 283; People v Douglas, 118 AD2d 722, 723). During the charge, the court did not invade the jury's province and remove from its consideration the essential question of fact, i.e., whether the defendant had made the confession (see, People v Martin, 115 AD2d 565, 567). Rather, both before and after the court's clear and comprehensive instructions concerning the voluntariness and truthfulness of the confession, the court alluded to the defendant's "alleged" confession. The court never said that the defendant had made the confession, as occurred repeatedly in People v Hardy (124 AD2d 676, 677). Consequently, we do not find that an amplified charge was necessary here, as it was in the Hardy case.

We disagree with the defendant's further contention that the Trial Justice committed reversible error in discharging two sworn jurors and replacing them with the alternate jurors without holding a hearing in the defendant's presence pursu-

ant to *People v Buford* (69 NY2d 290). The defense counsel was present at the conference during the trial, held in chambers, when the substitutions occurred, and consented thereto. The court then directed counsel to discuss the matter with the defendant during a brief recess, after which no objection was made by the defendant. In such a situation, the defendant's rights were protected by the "unique, indispensable presence of at least the 'singleminded counsel for the accused' " and he was not deprived of the fundamental fairness to which he was entitled *(see, People v Darby,* 75 NY2d 449, 454; *People v Torres,* 174 AD2d 586, *lv granted* 79 NY2d 865).

Finally, we find that the sentence imposed was not an improvident exercise of the court's discretion *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Bracken, O'Brien and Santucci, JJ., concur.