██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY CONWAY, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the trial court erred in failing to instruct the jury on the voluntariness of his statement to the police (see, CPL 710.70 [3]). Because defendant failed, during the trial, to raise a factual dispute by adducing evidence or otherwise contending that the statement was involuntarily made, the trial court was not required to submit the issue to the jury (see, CPL 710.70 [3]; People v Cefaro, 23 NY2d 283, 288; People v Betances, 165 AD2d 754, lv

*denied* 76 NY2d 1019; *People v Estrada,* 109 AD2d 977, 980). Further, since defendant neither requested that the court submit the issue to the jury nor objected to the charge as given, the failure to instruct the jury pursuant to CPL 710.70 (3) has not been preserved for our review *(see,* CPL 470.05 [2]; *People v Cerrato,* 24 NY2d 1, 10, *cert denied* 397 US 940; *People v Cefaro, supra,* at 288-289; *People v Gaddy,* 94 AD2d 892, 893). In light of the overwhelming evidence of guilt, moreover, any error in failing to instruct the jury on the voluntariness of defendant's statement was harmless *(see, People v Flecha,* 60 NY2d 766; *People v Bakker,* 133 AD2d 161, 163).

We also find no merit to defendant's argument that the attempted kidnapping charge merged into the robbery charge. The merger doctrine does not apply because the attempted abduction was not "incidental to and inseparable from" the robbery *(People v Smith,* 47 NY2d 83, 87). The robbery was fully consummated before the abduction was attempted and thus no merger occurred *(see, People v Smith, supra; People v Rodena,* 170 AD2d 418, *lv denied* 77 NY2d 966; *People v Epps,* 160 AD2d 171, *lv denied* 76 NY2d 734).

Defendant failed to preserve his objection to the prosecutor's summation *(see,* CPL 470.05 [2]; *People v Carter,* 154 AD2d 883, *lv denied* 74 NY2d 947) and we decline to review the issue in the interest of justice *(see,* CPL 470.15 [6]). (Appeal from Judgment of Allegany County Court, Sprague, J.—Robbery, 1st Degree.) Present—Denman, P. J., Green, Balio, Boehm and Davis, JJ.