■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELDON STOKES, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRISON GULLATT, Appellant. [610 NYS2d 245] —Judgments, Supreme Court, New York County (Alvin Schlesinger, J.), rendered June 30, 1992 and July 1, 1992, respectively, convicting both defendants, after a jury trial, of robbery in the first and second degrees, and sentencing defendant Stokes, as a second violent felony offender, to concurrent terms of 7½ to 15 years and 4½ to 9 years, respectively, and defendant Gullatt, as a second felony offender, to concurrent terms of 5½ to 11 years and 4 to 8 years, respectively, unanimously affirmed.

Defendant Gullatt's claim that the trial court improperly prevented him from showing that the complaining witness was fired from his job the day after the robbery because he was suspected by his employer as a perpetrator, and that he fabricated his identification in an attempt to regain his job and clear his name, is not preserved for appellate review as a matter of law, and we decline to review it in the interest of

justice. Gullatt's counsel never objected when the trial court stopped him from asking the witness if he was aware that his company suspected him of stealing the money, and also never indicated that he wished to elicit testimony that the witness failed to follow proper company procedure for making bank deposits. In any event, if we were to review this claim, we would find that it was not an abuse of discretion to preclude an examination that would not have been probative of any such motive to fabricate but only of the employer's opinion concerning the complainant's involvement, and which could only have served to confuse the jury (see, People v Stewart [Vance], 188 AD2d 626, 627, lv denied 81 NY2d 977).

Concerning defendant Stokes, his hand movements, and statement to the victim that he forget about the money, indicating thereby an awareness of being pursued, were legally sufficient to establish the "display" element of robbery in the first degree (People v Butts, 181 AD2d 432, 433, lv denied 79 NY2d 1047; People v Haney, 162 AD2d 613, lv denied 76 NY2d 940). Moreover, in both instances that Stokes simulated holding a gun, he was running from the victim or the police and in "immediate flight" from the robbery.

Stokes' identification by the victim, who viewed Stokes' face twice during the chase and a third time when Stokes gave the stolen deposit bag to Gullatt, was not unreliable. The fact that Stokes was not wearing the jacket he wore during the robbery and that the victim failed to tell the police that Stokes had some facial hair was properly placed before the jury, and we find no reason to disturb its determination. Concur—Murphy, P. J., Rosenberger, Wallach, Ross and Rubin, JJ.