■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL WELLS, Appellant. [634 NYS2d 462] —Judgment, Supreme Court, New York County (Rose Rubin, J.) rendered July 21, 1992, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 9 to 18 years, unanimously affirmed.

Defendant failed to preserve his challenge to the legal sufficiency of the evidence (*People v Gray*, 86 NY2d 10), and we decline to review it in the interest of justice. If we were to review it, we would find that defendant's verbal communication to the victim that he had a .38 caliber handgun pointed at her head and would "blow [her] head off" if she made any moves, while holding his hand in his vest pocket, satisfied the element of first-degree robbery—display of what appears to be a firearm (*see, People v Lopez*, 73 NY2d 214; *People v Taylor*, 203 AD2d 77, *lv denied* 83 NY2d 915; *People v Butts*, 181 AD2d 432, *lv denied* 79 NY2d 1047).

Although the investigatory showup was conducted some two hours after the robbery, this time lapse, by itself, does not compel a conclusion that it was improper (*see, e.g., People v Maybell*, 198 AD2d 108, *lv denied* 82 NY2d 927; *People v Lewis*, 123 AD2d 716; *People v Veal*, 106 AD2d 418). The showup was conducted not only shortly after defendant's detention and in close proximity to the crime scene, but unlike *People v Johnson* (81 NY2d 828), the police never indicated to the victim that there was a suspect in custody and made it appear to the victim that defendant was not in custody, and the victim, from a distance, was asked only generally to scan the block to see if she saw anyone whom she recognized.

We have considered defendant's claim that the inquiry conducted by the court was too perfunctory to ensure that his waiver of counsel was knowing, voluntary and intelligent, and find it to be without merit. Moreover, counsel, who acted as a legal advisor, was present during the entire trial. Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Williams, JJ.