■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH STANISLAS, Appellant. [640 NYS2d 97] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered March 16, 1993, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of $4^1/2$ to 9 years, unanimously affirmed.

The trial record shows that the court carefully evaluated defendant's request for new counsel after jury selection had commenced and properly rejected it (*see, People v Sides*, 75 NY2d 822, 824). The People established that defendant displayed what appeared to be a weapon (*see, People v Lopez*, 73 NY2d 214, 222), by placing his hand inside an envelope and pointing it at the victim while simultaneously telling the victim to respond to his demand or get shot (*see, People v Wells*, 221 AD2d 281). We perceive no abuse of discretion in sentencing. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Williams, JJ.

■ In the Matter of PABLO PERRONE, Petitioner, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York, Respondent. [640 NYS2d 96] —Determination of respondent Police Commissioner dated March 25, 1994, which revoked petitioner's pistol and target licenses, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Stanley Parness, J.], entered March 2, 1995) is dismissed, without costs.

Substantial evidence supports the determination that petitioner violated the geographical and use restrictions on his business premises pistol license and target license. Such a violation is indicative of poor judgment in the handling of a weapon, which is grounds for revoking a pistol license (*see, Matter of Gordon v LaCava*, 203 AD2d 290). The other circumstances of this case support respondent's determination. Accordingly, the penalty of revocation is not disproportionate to the offense nor shocking to our sense of fairness (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). We have considered petitioner's other contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Williams, JJ.