■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY REDD, Appellant. [651 NYS2d 454] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered October 8, 1993, convicting defendant, after a jury trial, of kidnapping in the second degree and robbery in the third degree, and sentencing him to concurrent terms of 4 to 12 years and 1 to 3 years, respectively, unanimously affirmed.

Viewing the evidence in a light most favorable to the People

(*People v Contes*, 60 NY2d 620), it was legally sufficient to establish defendant's guilt of the crimes charged. Moreover, the verdict was not against the weight of the evidence (CPL 470.15 [5]). The factual issues surrounding the identification were properly presented to the jury, which saw and heard the witnesses (*People v Gaimari*, 176 NY 84, 94), and we see no reason to disturb its findings.

Defendant's contention that his conviction of kidnapping in the second degree should have been dismissed since it merged into his conviction of robbery in the third degree is unpreserved (*People v Velez*, 206 AD2d 258, *lv denied* 84 NY2d 940) and we decline to review it in the interest of justice. In any event, since the kidnapping and robbery were discrete acts and the abduction was not merely incidental to the robbery, the merger doctrine is inapplicable and defendant was properly convicted of both crimes (*see, People v Rodena*, 170 AD2d 418, *lv denied* 77 NY2d 966). Concur—Murphy, P. J., Sullivan, Milonas, Rubin and Andrias, JJ.