THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BURCH, SR., Appellant. [684 NYS2d 101] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of four counts of rape in the first degree (Penal Law § 130.35 [1], [3]), two counts of sodomy in the second degree (Penal Law § 130.45), one count each of sodomy in the first degree (Penal Law § 130.50 [3]), rape in the second degree (Penal Law § 130.30), rape in the third degree (Penal Law § 130.25 [2]) and other crimes. Defendant contends that County Court erred in failing to instruct the jury to evaluate whether his statements to the authorities were made involuntarily (*see,* CPL 710.70). By failing to request that the issue be submitted to the jury or to object to the court's charge as given, defendant has failed to preserve his contention for our review (*see,* CPL 470.05 [2]; *People v Conway*, 186 AD2d 1050, 1051, *lv denied* 81 NY2d 761). In any event, defendant's contention is without merit. Defendant failed at trial to raise the issue of the voluntariness of his statements, nor was there evidence to warrant such an instruction (*see, People v Conway, supra*, at 1050-1051; *People v Betances*, 165 AD2d 754, *lv denied* 76 NY2d 1019; *People v Estrada*, 109 AD2d 977, 980).

Defendant further contends that the conviction of three counts of sexual abuse is not supported by legally sufficient evidence because the prosecution did not establish that defendant and the victims were not married to each other (*see,* Penal Law § 130.00 [3]). We reject that contention. The victims testified at trial that defendant was their father, thus precluding marriage between them (*see,* Domestic Relations Law § 5 [1]).

We have reviewed defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Rape, 1st Degree.) Present—Denman, P. J., Green, Hayes, Callahan and Balio, JJ.