■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BRISCO, Appellant. [741 NYS2d 50] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered August 1, 2000, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the showup identification was proper. The defendant was not handcuffed at the time of the showup, and there is no indication that the police told the complainant that a suspect was in custody before her identification. Moreover, the complainant, who was inside the house at the time, was only asked if she recognized anyone standing outside. Finally, the showup was conducted in close temporal and geographical proximity to the crime scene (*see People v McBride,* 242 AD2d 482).

The defendant argues that the showup was improper because he was asked to hold up a pair of shorts during the identification. We disagree. Although the defendant was told to hold up the shorts based upon the complainant's information that the person she observed running from the house was wearing shorts, we note that, before the showup, the defendant admitted that the shorts in question belonged to him, and that the defendant was not actually required to wear these shorts at the time of the showup. Thus, we do not agree with the opinion of our dissenting colleague that the showup identification was unduly suggestive (cf. *People v Edmonson,* 75 NY2d 672, 677, *cert denied* 498 US 1001).

Accordingly, the court properly denied that branch of the defendant's omnibus motion which was to suppress this identification testimony (*see People v Wells,* 221 AD2d 281; *People v Duuvon,* 77 NY2d 541). Santucci, J.P., Smith and Friedmann, JJ., concur.

Goldstein, J., dissents and votes to reverse the judgment appealed from, on the law and the facts, to grant that branch of the defendant's omnibus motion which was to suppress identification testimony to the extent of suppressing the showup identification, and to remit the matter to the Supreme Court, Suffolk County, for trial, to be preceded by an independent source hearing. In my view, the showup identification of the defendant was rendered "grossly and unnecessarily suggestive" (*People v Edmonson,* 75 NY2d 672, 677, *cert denied* 498 US 1001), when the police required the defendant to hold a pair of shorts which were the same distinctive color as the complainant claimed that the perpetrator was wearing.

At approximately 11:30 A.M. on July 6, 1999, Detective Brian McNeil responded to the scene of a burglary at a private house. Detective McNeil spoke with the complainant and a fellow police officer, who described the suspect as a white male in his twenties, approximately 5'10" tall, well-built, brown hair, wearing *maroon shorts* and no shirt.

At approximately 11:50 A.M. on July 6, 1999, Police Officer Brian Holtje and his partner, Police Officer Thomas Bafundo, received a radio report of the burglary, and a description of the perpetrator. Officer Holtje recalled that the description was of a white male in his twenties with brown hair, red or maroonish shorts, no shirt, and a stocky, muscular build. His partner recalled that the description of the suspect was of a white male, no shirt, stocky build, 18 to 20 years old, brown hair, wearing a pair of shorts, who was running north.

At approximately 11:55 A.M., the officers arrived at the scene

of the burglary, and spoke to Detective McNeil to confirm the description. The officers then "proceeded to drive around the neighborhood." Between 1,000 and 1,500 feet to the north, they noticed a house, apparently under renovation, with the front door open. Officer Bafundo went around to the rear of the house, and noticed a swimming pool filled with water.

Officer Holtje went to the front of the house. He noticed that there was a closed door next to the open front door. He knocked at the closed door, and received no response. Officer Bafundo said he saw someone through the window, so Officer Holtje knocked again, and the defendant, wearing nothing but a bath towel, answered. The officer estimated the defendant's age as approximately 30 years old. The defendant's date of birth is March 11, 1961. Thus, he was in fact 38 years old at the time.

The defendant identified himself as Frank Brisco. He claimed that the house belonged to his sister, and he was renovating the bathroom for his sister with his friend Brian. Officer Holtje found it suspicious that the defendant answered the door wearing only a towel and stated he was renovating the bathroom. The officers left the scene, and returned with Detective McNeil at 12:10 P.M.

Detective McNeil, accompanied by Officer Holtje and Officer Bafundo, knocked on the door, and the defendant responded, this time wearing a pair of tan shorts and no shirt. The defendant invited the detective and the two officers into the kitchen. Detective McNeil told the defendant there had been a burglary in a house down the street. He asked the defendant where he had been that morning, and the defendant replied that he had remained at his sister's house all morning.

While Detective McNeil conversed with the defendant in the kitchen, Officer Holtje noticed a wet pair of maroon shorts just inside the doorway of a bedroom off the kitchen. Officer Holtje notified Detective McNeil, who asked the defendant if the shorts were his. The defendant replied that they were.

There was another person in the house, named Brian, who was working in the bathroom. His clothes were covered with dust and dirt. Detective McNeil described Brian as about 40 years old, with brown hair, 5'10" tall, and "pouchy." Officer Holtje described Brian as a white male in his twenties, with black hair. He could not recall Brian's build. Detective McNeil asked the defendant to go down the street with them "to see if someone could recognize him [in] reference to the burglary." According to Detective McNeil, the defendant said he would.

Officer Christine Ward arrived in a patrol car, and drove the defendant and Detective McNeil to the scene of the burglary.

Detective McNeil took the maroon shorts with him, without objection from the defendant. At 12:25 p.m., they arrived at the scene of the burglary. The defendant exited the police car and stood in the driveway. He was not handcuffed. Detective McNeil asked the defendant to hold his maroon shorts. The defendant held the shorts at his side. Officers Holtje, Bafundo, and Ward, all in uniform, were also standing in the vicinity.

The detective then went inside and asked the complainant if she recognized anyone standing outside. The complainant stated that she recognized the defendant as the person she saw fleeing her house, and that he was the same height, hair color, and build. She also identified the shorts he was holding as the shorts he was wearing at the time she saw him fleeing from her house.

The police allowed the defendant to leave the scene. He was not arrested until three days later. A hearing was held on the admissibility of the showup identification and the defendant's statements to the police. The hearing court denied the application to suppress the showup identification in a written decision, on the grounds that "(1) the showup was conducted promptly, within a short time after the commission of the crime; (2) it was conducted at the crime scene; (3) defendant was not singled out—in fact, he was not even in handcuffs; and (4) he was allowed to leave after the victim saw him. He was not arrested until three days later."

The hearing court further held that the defendant's statements were made in a noncustodial setting, and therefore were admissible. No ruling was made with respect to the admissibility of the maroon shorts, nor was the issue of the admissibility of the shorts raised at the hearing.

Contrary to the conclusion of the hearing court, the defendant was in fact singled out. Although he was not in handcuffs, he was holding maroon shorts, which matched the description of what the perpetrator was wearing. The complainant identified the shorts at the same time that she identified the defendant.

Asking the suspect to don clothing similar to that worn by the perpetrator is highly suggestive (*see People v Edmonson, supra* at 677). The majority notes that the defendant was not wearing the maroon shorts. However, the fact that he was holding the shorts in his hand insured that the complainant's attention was drawn to the shorts, more so than if he had been actually wearing them. There was no reason for him to hold the shorts, other than to single him out as the perpetrator.

In view of the foregoing, the showup identification should be

suppressed, and the matter remitted to the Supreme Court, Suffolk County, for trial, to be preceded by an independent source hearing.