◼ The People of the State of New York, Respondent, v Rene Sanchez, Appellant. [742 NYS2d 58] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered June 14, 2000, convicting him of robbery in the second degree (two counts), grand larceny in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the third degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

At trial, defense counsel attempted to introduce a photograph of one of the juveniles who was arrested along with the defendant, contending that the description of the perpetrator provided by the complainant matched the juvenile more closely. However, the trial court precluded the photograph on the ground that it was irrelevant since the defendant could not establish when it was taken. The photograph was clearly relevant, as it tended to prove that the complainant had misidentified the defendant, a material issue in the case (*see People v Primo,* 96 NY2d 351, 355). Therefore, the court should have allowed defense counsel to question the witnesses in an attempt to establish when the photograph was taken and to otherwise lay a proper foundation for its admission into evidence.

The court also should have allowed the defense to lay a

foundation for the possible introduction of a second photograph, which allegedly depicted a bruise on the back of the defendant's head, and which tended to support the defendant's claim that he was a victim of police brutality. The court precluded this photograph on the ground that the defense could not offer extrinsic evidence to impeach the testimony of the prosecution witnesses that the defendant appeared to be uninjured. However, the photograph was relevant to an issue other than the witnesses' credibility, since it supported the defendant's allegations that his confession was the product of coercion. Therefore, defense counsel should have been permitted to lay a proper foundation for the introduction of this photograph (see People v Schwartzman, 24 NY2d 241, 245).

The court erred in denying a defense request in connection with the charge to the jury. When a defendant raises a factual issue regarding the voluntariness of a confession, he or she is entitled to a voluntariness charge (see People v Cefaro, 23 NY2d 283). Here, the defendant presented sufficient evidence to raise an issue as to whether he voluntarily made a statement to a police officer. Accordingly, the defense was entitled to a charge concerning the voluntariness of the statement. Furthermore, once the court denied this request, it should have granted the defendant's alternate request to charge the jury with respect to his contention that he never made the statement (see CPL 710.70 [3]; People v Holder, 214 AD2d 682; People v Sharlow, 185 AD2d 289; People v Hardy, 124 AD2d 676, 677).

The cumulative effect of these errors denied the defendant his right to a fair trial and thus a new trial is warranted (see People v Vasquez, 120 AD2d 757). We reject the People's contention that these errors can be deemed harmless in light of the alleged overwhelming evidence of the defendant's guilt (see People v Crimmins, 36 NY2d 230; People v Conway, 186 AD2d 1050; People v Bakker, 133 AD2d 161).

In light of our determination, it is unnecessary to the reach the defendant's remaining contentions. Santucci, J.P., Altman, Florio and Goldstein, JJ., concur.