*618 Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered December 2, 2002, convicting him of promoting prostitution in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.
The County Court erred in permitting a detective to testify that during his investigation he discovered that the defendant had opened a checking account for a prostitute, since that testimony was hearsay admitted without any limiting instructions (see People v Huertas, 75 NY2d 487, 491-492 [1990]). The County Court also failed to specifically instruct the jury to ignore the prosecutor’s factually inaccurate statement during her summation that the prostitute had been arrested by the detective. This challenged remark exceeded the “broad bounds of rhetorical comment permissible in closing argument” (People v Galloway, 54 NY2d 396, 399 [1981]). Furthermore, the County Court should have granted the defendant’s request to charge the jury with respect to his contention that while he was in custody he never told his counsel, as two detectives testified that they had overheard, that he had a prostitution business (see People v Hardy, 124 AD2d 676, 677 [1986]).
The cumulative effect of these errors denied the defendant his right to a fair trial and thus a new trial is warranted (see People v Vasquez, 120 AD2d 757 [1986]). We reject the People’s contention that these errors can be deemed harmless in light of the alleged overwhelming evidence of the defendant’s guilt (see People v Crimmins, 36 NY2d 230 [1975]). Santucci, J.P., Mc-Ginity, Schmidt and Adams, JJ., concur.