THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES A. BUNGE, Appellant. [894 NYS2d 97]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Parker, J.), rendered June 21, 2007, convicting him of attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

The defendant failed to preserve for appellate review his contention that he was deprived his due process right to present a defense by the Supreme Court's denial of his pretrial motion for leave to cross-examine the complaining witness by the use of a wanted poster containing a photograph of an individual who resembled the defendant and who allegedly committed crimes similar to the crime charged herein, utilizing an identical modus operandi (*see People v Decker*, 51 AD3d 686, 687 [2008], *affd* 13

NY3d 12 [2009]; *People v Olibencia*, 45 AD3d 607, 608 [2007]). However, we reach the issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]).

The wanted poster sufficiently connected the individual identified thereon with the charged crime (*cf. People v Schulz*, 4 NY3d 521 [2005]) and, thus, was probative of whether the complainant may have mistakenly identified the defendant as the perpetrator, which was an issue central to the case (*see People v Sanchez*, 293 AD2d 499, 499 [2002]). Moreover, use of the wanted poster in cross-examining the complainant on that issue would have posed no danger of delay, prejudice, or confusion. Since, under the circumstances of this case, the error was not harmless, reversal is required (*see People v Elder*, 207 AD2d 498, 499 [1994]).

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Santucci, Dickerson and Roman, JJ., concur.