(November 19, 2010)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN NAGEL, Appellant. [911 NYS2d 561]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered March 3, 2009. The judgment convicted defendant, after a jury trial, of criminal contempt in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, the indictment is dismissed, and the matter is remitted to Cayuga County Court for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him after a jury trial of criminal contempt in the first degree (Penal Law § 215.51 [a]), defendant contends that he was denied his right to due process when the District Attorney called him as a witness before the grand jury in the absence of his attorney. Under the unique circumstances presented here, we agree. Although defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]; *see generally People v Decker*, 51 AD3d 686 [2008], *affd* 13 NY3d 12 [2009]), we exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *see generally People v Bunge*, 70 AD3d 710 [2010]).

Defendant previously pleaded guilty to a drug felony and was sentenced to state prison, after working with the authorities as a confidential informant. Although defendant was represented by an attorney during the prior proceeding, the prosecutor procured defendant's attendance from state prison to testify before the instant grand jury without notifying that attorney, or indeed, without notifying defendant that he was to appear. After calling defendant to testify, the prosecutor stated that defendant was refusing to be sworn when defendant, inter alia, attempted to invoke his privilege against self-incrimination.

"As a matter of fairness, government ought not compel individuals to make binding decisions concerning their legal rights in the enforced absence of counsel . . . The legal rights which may be critically affected before the [g]rand [j]ury, and concerning which the witness should be entitled to consult with his lawyer, are several. First, the witness may be put in a position of determining whether to assert or waive his privilege

against self[-]incrimination" (*People v Ianniello*, 21 NY2d 418, 424 [1968], *rearg denied* 20 NY2d 1040, *cert denied* 393 US 827 [1968]). Second, it is well settled that "a witness appearing before a [g]rand [j]ury must be apprised of the extent of the immunity conferred by statute before a criminal contempt conviction may be had for the witness's refusal to testify" (*Matter of Matt v Larocca*, 71 NY2d 154, 161 [1987], *cert denied* 486 US 1007 [1988], *reh denied* 487 US 1250 [1988], *rearg dismissed* 78 NY2d 909 [1991]; *see People v Rappaport*, 47 NY2d 308, 313 [1979], *cert denied* 444 US 964 [1979]). Here, the prosecutor did not inform defendant that he would receive immunity from prosecution, despite the attempt by defendant to invoke his Fifth Amendment rights when he was asked to testify. Consequently, we agree that defendant was deprived of due process of law. We therefore reverse the judgment of conviction and dismiss the indictment. Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.