**UNITED STATES of America, Appellee,**

v.

**Ronald PIMENTAL, Defendant, Appellant.**

**No. 80–1348.**

United States Court of Appeals, First Circuit.

Argued Feb. 9, 1981.

Decided March 30, 1981.

Harvey R. Peters, Boston, Mass., with whom Paul T. Smith, and Jeffrey M. Smith, Boston, Mass., were on brief, for defendant-appellant.

Janis M. Berry, Asst. U. S. Atty., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and WINTER,* Circuit Judges.

COFFIN, Chief Judge.

Appellant claims as error the district court's refusal to suppress a photograph of his car during his trial for conspiracy to possess with intent to distribute marihuana. We do not understand him to argue that he had a legitimate expectation of privacy in the exterior of his auto while parked on a public road. Rather he claims that the photo was the fruit of illegal seizure under the doctrine of *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

Appellant was parked on an access road to Cape Cod shoreline at about 3 a. m. on July 15, 1979. Two police cars received a radio call about excessive noise on the

* Of the Fourth Circuit, sitting by designation.

beach, about a quarter of a mile beyond appellant. The officers were generally aware from information they had received from the state drug bureau that a drug shipment was headed for Cape Cod during the summer months. On the way to the beach, one police car stopped to speak with appellant in his car. The district court found (in a pretrial holding that the government chose not to appeal and that we will assume to be valid for this appeal) that the officer requested appellant's license and vehicle registration without reasonable suspicion of criminal activity. The court reached this conclusion on the authority of *Brown v. Texas*, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979) (reasonable objective suspicion of criminal activity is required to detain person for the purpose of identification).

The officer then heard on his police radio that a suspected marihuana off-loading from a ship had been interrupted on the beach one quarter of a mile away. He observed a CB radio in appellant's car, with a lit red light showing that it was in operation. He looked in the car's trunk with appellant's permission and discovered a shotgun. He detained appellant until the officer's superior—who had driven on to the beach in the other police car, there discovering the drug off-loading—returned to assess the situation. The police superior concluded that appellant was a lookout for the drug unloading operation based on appellant's proximity to the ship unloading, his CB radio, and a walkie-talkie that the superior had observed at the beach scene. The superior took appellant to the police station where he subsequently was arrested. Sometime after sunrise the car was photographed in the location where it was first observed.

The car photo was the product of the illegal seizure in the sense that, *but for* the seizure of appellant, the picture probably would not have been taken as it was; appellant almost certainly would have driven away before then. The Supreme Court, however, has made clear that *Wong Sun* rejected a simple "but for" test. *See Brown v. Illinois*, 422 U.S. 590, 603, 95 S.Ct. 2254, 2261, 45 L.Ed.2d 416 (1975). " 'Rather

the more apt question ... is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." ' " *Id.* at 599, 95 S.Ct. at 2259, quoting *Wong Sun*, 371 U.S. at 487–88, 83 S.Ct. at 417. This fact-specific inquiry should take account of "[t]he temporal proximity of the arrest and the [discovery of the illegal evidence], the presence of intervening circumstances, ... and, *particularly*, the purpose and flagrancy of the official misconduct...." *Brown*, 422 U.S. at 603–04, 95 S.Ct. at 2261–62 (footnotes omitted) (emphasis supplied).

■ The temporal proximity of the illegal detention and the photography was fairly close: 3 a. m. until some uncertain hour in the more illumined morning. Key factors, however, did intervene. The officer who had stopped at the car subsequently received a radio transmission telling of suspected nearby smuggling. More critically, the police superior returned from the beach and inferred appellant's lookout role from the fact of the two radios. *Cf. Johnson v. Louisiana*, 406 U.S. 356, 365, 92 S.Ct. 1620, 1626, 32 L.Ed.2d 152 (1972) (despite the fact that the only intervening factor subsequent to an arguably illegal arrest was not additional evidence but a detention to await appearance before a committing magistrate, *held*, any deficiency in the initial arrest was cured), cited in *Brown*, 422 U.S. at 604, 95 S.Ct. at 2262. Probable cause to suspect that the car had been involved in criminal activity thus had been established from independent events after the illegal detention and before the photograph was taken. *Compare United States v. Chamberlin*, 644 F.2d 1262 at 1268–1269 (9th Cir. 1980) (illegal arrest itself significantly directed the investigation to the evidence in question).

Finally the police conduct here is more innocuous than damning. Appellant was seized in what resembles more a good faith if mistaken exercise of otherwise legitimate police investigation, *see United States v. Kilgen*, 445 F.2d 287, 289 (5th Cir. 1971), cited in *Brown*, 422 U.S. at 604 n.9, 95 S.Ct.

at 2262 n.9, than a "flagrantly illegal", *United States v. Edmons*, 432 F.2d 577, 584 (2d Cir. 1970), cited in *Brown*, 422 U.S. at 604 n.9, 95 S.Ct. at 2262 n.9, or "deliberate misuse of arrest". *United States ex rel. Gockley v. Myers*, 450 F.2d 232, 236 (3d Cir. 1971), *cert. denied*, 404 U.S. 1063, 92 S.Ct. 738, 30 L.Ed.2d 752 (1972), cited in *Brown*, 422 U.S. at 604 n.9, 95 S.Ct. at 2262 n.9. On this balance of factors we hold that the photograph was not a "fruit" of the illegal detention. It therefore was not error for the district court to admit it into evidence.

Appellant claims a second error in his trial because the district judge advised the jury to rely on its memory instead of giving it testimony it had requested during deliberation. This is an area within the sound discretion of the trial judge. *United States v. Almonte*, 594 F.2d 261, 265 (1st Cir. 1979). We see no abuse of that discretion when the court expressed to counsel its reasonable fear of unbalanced testimonial emphasis, gave the jury reasonable advice, and told it that "[i]f [it had] further difficulties or if this reply is inadequate and [it] would like further clarification, please communicate with [the judge] again."

*Affirmed.*