**UNITED STATES ex rel. Cledy F. JACKSON, Petitioner,**

v.

**Everett W. JONES, Superintendent, Great Meadow Correctional Facility, Comstock, New York, Respondent.**

No. 80–CV–436.

United States District Court, N. D. New York.

Feb. 8, 1982.

Cledy F. Jackson, pro se.

Denis Dillon, Dist. Atty., Nassau County, Martin I. Saperstein, Robert M. Nigro, Asst. Dist. Attys., Mineola, N. Y., for respondent.

JAMES T. FOLEY, Senior District Judge.

MEMORANDUM–DECISION and ORDER

Petitioner in this pro se federal habeas corpus proceeding at the time the pro se petition was submitted was an inmate of Great Meadow Correctional Facility. He is presently confined in Green Haven Correctional Facility. He was convicted by a jury in Nassau County Court of Robbery in the First Degree. He was sentenced to 10 to 20 years, the date of the judgment of conviction being September 6, 1977. The Appellate Division, Second Department, affirmed unanimously [73 A.D.2d 1064, 424 N.Y.S.2d 309 (1980)], and leave to appeal to the Court of Appeals was denied [49 N.Y.2d 894, 427 N.Y.S.2d 1032, 405 N.E.2d 242 (1980)]. Before direct appeal, petitioner filed a motion in the nature of a writ of coram nobis dated October 27, 1978, in the County Court, pursuant to New York Criminal Procedure Law, Article 440, to vacate the judgment of conviction. The motion was denied on the procedural grounds that the issues raised in the trial involved matters appearing in the trial record and could be presented on direct appeal.

By memorandum-decision and order dated June 4, 1980, I directed the filing and service of the petition upon the Respondent Superintendent. By that decision, in accord with its usual ordering paragraphs, a copy of the petition and decision was directed to be mailed to the Attorney General in order to obtain an answer or other response in behalf of the Respondent Superintendent. There is a letter in the file to me dated November 25, 1981, from Senior Attorney Peter G. Favretto of the Attorney General's office advising a copy of the petition and memorandum-decision had not been received by that office. Apparently, the responsibility of response and representation

of the Superintendent was turned over to the District Attorney of Nassau County. A substantial memorandum of law and an affidavit of Nassau County Assistant District Attorney Robert M. Nigro were filed concluding that the habeas corpus petition herein should be dismissed. The District Attorney has furnished copies of the appellate briefs filed in the Appellate Division, Second Department, on direct appeal, and the post-conviction motion under N.Y.C.P.L. 440.10 and the decision of the judge denying the motion. The court is grateful for this assistance and cooperation that is recognized as burdensome and time consuming.

In his pro se handwritten petition, the petitioner set forth four grounds for federal habeas corpus relief. Ground one states there was unlawful entry into the jury room during its deliberations in that the trial judge sent a court officer into the jury room to inform the jurors "there is a lot of time and money spent on this case and that he 'the judge' want a verdict returned." Petitioner states a verdict was returned shortly after the alleged communication.

Ground two is worded "Denial of request by jurors." The details stated are that the jury wanted a read back of the testimony of certain witnesses, and delivery of certain photographs, and statements of certain witnesses to their jury room.

Ground three is worded "unlawful viewing by 3 to 4 jurors." The details stated are that there was a bomb alert during jury deliberations and when evacuation of the building was ordered three or four trial jurors saw the petitioner being taken by jail officers from the building in handcuffs.

Ground four is worded "written statement by witness, not presented at trial or any proceeding what so ever." The details stated are that a named witness testified he gave three statements to law enforcement officers and the prosecution only produced two statements to the defense. In regard to this ground, the petitioner claims he ordered his lawyer to place this argument in his brief on direct appeal, but when he received the brief the petitioner discovered it was not presented.

As the opposition affidavit of Assistant District Attorney Nigro correctly points out only two of the four grounds presented here federally were points in the appellate brief for the petitioner on the direct appeal filed in the Appellate Division, Second Department. Those points related to the claims that the prosecution improperly put prior statements of its witnesses before the jury, and that the trial court erred in denying the motion without a hearing to set aside the verdict on the grounds of improper influence on the jury by reason of the jury viewing at the trial scene the petitioner in handcuffs.

The opposition affidavit (pp. 6–7) contends that there has not been a complete exhaustion of all available state remedies on any of the four grounds presented here in this federal petition. This exhaustion requirement is expressly stated in 28 U.S.C. § 2254(b) and (c) and by the statutory terms must be met before the application for the federal writ of habeas corpus can be granted. Recently, the exhaustion requirement has become a troubled area in its application in the Second Circuit due to varied, and at times, differing interpretations and disagreement of Circuit Panels as to when the requirement is met by satisfactory exhaustion of appellate and post-conviction state remedies. The crescendo of disagreement was reached in *Klein v. Harris*, 667 F.2d 274 (2d Cir. 1981). The opinion for the Three Judge Panel was written by Southern District Judge Ward, with a separate concurring opinion by Circuit Judge Kaufman, and a vigorous dissenting opinion by Circuit Judge Timbers. In brief, the majority upheld the granting of the writ of habeas corpus and the reaching of the merits by the District Judge. In the dissent, Circuit Judge Timbers reasoned that the federal statutory command of exhaustion had not been met and listed the Supreme Court cases and many Second Circuit cases in support of his view. *Id.* at 294. *See Picard v. Connor*, 404 U.S. 270, 275–276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497,

53 L.Ed.2d 594 (1977). I would add to the list *LaBruna v. U. S. Marshal, WDNY, and Attorney General of State of New York*, 665 F.2d 439 (1981). Circuit Judge Meskill, writing for a unanimous panel, held that to require exhaustion of state remedies in that situation would be futile. The Judge, at 442, quoted from *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971) the statement in *Fay v. Noia*, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963): "[t]he exhaustion requirement is merely an accommodation of our federal system designed to give the state an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."

The most serious disagreement in *Klein*, in my judgment, is whether it has to be shown that the state court *actually* relied upon a procedural default in affirming a judgment of conviction and not merely a showing that the state court had an adequate procedural ground available to it. *Klein, supra*, at 285. Circuit Judge Timbers, at 295, states emphatically that this prerequisite of an *actual* state court dismissal on procedural grounds seriously undercuts the holding on waiver of *Wainwright v. Sykes, supra*, that may bar federal habeas corpus absent "cause and prejudice." In New York, many of the affirmances of judgments of criminal convictions are made with no opinion or memorandum setting forth the basis for the affirmance. *Klein* involved the failure of the trial judge to direct a witness who was involved in the murder and who had previously testified at the trial to answer two questions by the defense, when he invoked the Fifth Amendment, and for failure to strike his previous testimony when the witness refused to answer, thereby allowing the witness to assert the privilege. There was no objection by defense counsel to the position of the trial judge and the issue was not raised on direct appeal. *Klein*, at 280, 286; *see* N.Y.Crim. Proc.Law 470.05(2).

There will soon be an in banc ruling by the Second Circuit that should clarify the policy and reasoning the district courts should follow and apply in determining whether there exists satisfactory exhaustion of available state remedies. A majority of the Court of Appeals, Second Circuit, has voted to give reconsideration in banc to the Panel decision in *Daye v. Attorney Gen. of State of New York & Eugene S. LeFevre, Superintendent, Clinton Correctional Facility*, 663 F.2d 1155 (2d Cir. 1981). By order of Chief Judge Wilfred Feinberg, dated January 13, 1982, the reconsideration in banc is limited to the issue of whether petitioner-appellant has exhausted his state remedies. The parties are invited to include in their brief and argument consideration of whether *Johnson v. Metz*, 609 F.2d 1052 (2d Cir. 1979) should be overruled. Oral argument is to be heard on April 13, 1982 at 12:00 Noon.

Years ago, Chief Justice Warren described the district judges as those on the front line with paramount responsibility in the accommodation of competing factors in these federal habeas corpus applications. *Townsend v. Sain*, 372 U.S. 293, 319, 83 S.Ct. 745, 760, 9 L.Ed.2d 770 (1963); *see also Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Stability, predictability and reasonable definiteness in the tests and guidelines to be applied in the important threshold determination as to whether available state remedies have been completely and satisfactorily exhausted will be very helpful to the district courts in meeting their front line responsibility. As Circuit Judge Newman noted in *Daye*, at 1157, there has been a slight relaxation of the strict requirement in *Johnson v. Metz, supra*, that satisfactory exhaustion requires an explicit federal labeling of its state courts appellant's claim by the reasoning and ruling in *Twitty v. Smith*, 614 F.2d 325 (2d Cir. 1979).

In this present application, it does seem in relation to the four grounds asserted that the exhaustion requirement has not been met under the Second Circuit rulings to this date. As to ground one, the alleged entry of the court officer into the jury room with an improper communication does not appear in the record or presented in the direct appeal brief or in the CPL Article 440 mo-

tion. As the opposition affidavit and memorandum of law points out, this claim seems to have recent birth at the federal stage because the state appellate brief referred to a New York Court of Appeals case, where an incident of this type with the same words of communication occurred. *See People v. Ciaccio*, 47 N.Y.2d 431, 418 N.Y.S.2d 371, 391 N.E.2d 1347 (1979). A Panel of the Court of Appeals, Second Circuit, also in a recent case where it found exhaustion had been satisfied, ruled this type of communication outside the presence of the defendant violated due process. *Krische v. Smith, Supt., Attica Correctional Facility*, 662 F.2d 177 (2d Cir. 1981).

The second ground in the present petition, denial of Jury's request by the trial judge to read back certain of the minutes of the trial testimony, and to refuse delivery of certain photographs and witness statements for jury consideration was not raised on direct appeal. Although presented in the premature CPL 440 motion, that motion was denied on procedural grounds and no appeal was taken from that denial. *See Klein v. Harris*, at 283–84; *see also Forman v. Smith*, 633 F.2d 634, 639 (2d Cir. 1980), *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981). On the merits, in my judgment, it would seem that the decisions made by the trial judge were discretionary ones made day-in-day-out by state trial judges throughout the Nation. Error in admission of or exclusion of evidence at a state trial is not sufficient for federal habeas corpus relief unless fundamental unfairness results. *Maglaya v. Buchkoe*, 515 F.2d 265 (6th Cir.), *cert. denied*, 423 U.S. 931, 96 S.Ct. 282, 46 L.Ed.2d 460 (1975).

The third ground, that the jury saw the petitioner in handcuffs in a hallway during the trial was raised in the direct appeal to the Appellate Division. However, the challenge dealt primarily with the failure under state trial law of the court to conduct an evidentiary hearing to determine whether the petitioner was prejudiced. The case of *Daye v. Attorney Gen. of State of New York & Eugene S. LeFevre, supra*, at 1156, noted that the court had frequently ruled that the exhaustion requirement is not sat-

isfied unless the habeas petitioner explicitly refers to a federal constitutional standard in presenting his claim to the state courts. The opposition affidavit suggests the possibility of raising this issue in a writ of error coram nobis in the state courts. However, on the merits, it has been held in a persuasive federal appellate court opinion that a brief and fortuitous encounter of a defendant in handcuffs by trial jurors is not prejudicial and requires an affirmative showing of prejudice by a defendant. *Wright v. State of Texas*, 533 F.2d 185, 187 (5th Cir. 1976).

Ground four, that a witness gave three statements to the prosecution but only two statements of that particular witness who testified were turned over to the defense was not raised on direct appeal. If it were to be considered as included in the coram nobis motion, again that motion was dismissed on express procedural grounds. The Assistant District Attorney states the issue, if petitioner be so advised, could be raised in the state courts. From my review, it seems there was a casual reference by the witness to a third statement but other evidence casts serious doubt on its existence. There may be only at issue an evidentiary determination in a state trial. *See Maglaya v. Buchkoe, supra*. Some facts must be shown to establish that favorable and material evidence was suppressed to such a degree that it would have affected a jury verdict. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Moore v. Illinois*, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972).

The petition is denied and dismissed in its entirety without prejudice for failure to exhaust fully available remedies in the New York courts on the grounds presented in this federal petition.