■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARDO PERALTA, Appellant. [670 NYS2d 88] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered January 4, 1994, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing him to consecutive terms of 25 years to life, unanimously affirmed.

Defendant's arrest was based upon probable cause. The police had reasonable suspicion to believe defendant was connected with gunfire, and thus were justified in detaining him to complete their investigation regarding the gun observed in outline form in his pocket, and to confirm or dispel their suspicion (*see*, *People v Paul*, 240 AD2d 168, *lv denied* 90 NY2d 909). Discovery of two shooting victims in the location from which only defendant was seen walking provided probable

cause to believe that defendant had committed a crime (*supra*). Thus, defendant's post-*Miranda* statement was not the fruit of an unlawful arrest.

The court appropriately exercised its discretion in requesting that the jury clarify its non-specific request for a readback of defendant's testimony, while instructing that in the event the jury wished to hear defendant's entire testimony, such readback was available (*see, People v Hawkins*, 173 AD2d 358, *lv denied* 78 NY2d 1076). The jury's response and additional note, following which the court advised that the jury was free to request any additional readback, indicates that the court's responses in no way dissuaded the jury from considering any relevant testimony (*supra*).

We perceive no abuse of discretion in sentencing. Concur—Ellerin, J. P., Wallach, Rubin, Andrias and Saxe, JJ.