■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESMOND JONES, Appellant. [671 NYS2d 672] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered June 4, 1996, convicting him of burglary in the first degree (ten counts), robbery in the first degree (four counts), attempted robbery in the first degree (six counts), robbery in the second degree (two counts), and attempted robbery in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People's failure to preserve and disclose a photograph taken of him after his arrest does not require reversal under the circumstances of this case (*see, People v Wallace,* 76 NY2d 953; *People v Kelly,* 62 NY2d 516; *People v Rodriguez,* 210 AD2d 266; *People v Kelly,* 194 AD2d 693; CPL 240.20 [1]; 240.70 [1]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Bracken, J. P., O'Brien, Santucci and Altman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIM KUCHLER, Appellant. [671 NYS2d 313] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered January 31, 1995, convicting her of murder in the second degree, upon her plea of guilty, and sentencing her to an indeterminate term of 25 years to life imprisonment, with the sentence to be served at hard labor.

Ordered that the judgment is modified, on the law, by deleting the provision directing that the sentence be served "at hard labor"; as so modified, the judgment is affirmed.

"As conceded by the People, that portion of the sentence which directs that it be served at hard labor is illegal (*see,* Penal Law § 70.20 [1]; Correction Law § 171 [1]; *cf.,* Correction Law § 500-d), and the judgment is modified to correct the error" (*People v Johnson,* 216 AD2d 583, 584).

The defendant's remaining contentions are without merit. Joy, J. P., Krausman, Florio and Luciano, JJ., concur.