(September 26, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTON. D. COTTREL, Appellant. [713 NYS2d 328] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered January 23, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility.

In responding to the jury's request for a readback, on the one hand, the court requested the jury to clarify its non-specific request for a readback of nearly the entire trial. On the other hand, the court instructed the jury that if it, nevertheless, wished the readback it originally requested, this would be provided. Thereafter, the jury sent an additional note specifying the desired area of readback, and the court again instructed the jury that the jury's original request for a readback would be provided if that was what the jury wished. Under these circumstances, the court properly responded to the jury's requests (see, People v Peralta, 248 AD2d 300, lv denied 92 NY2d 858).

Read as a whole, the court's reasonable doubt instruction conveyed the proper standards (see, People v Cubino, 88 NY2d 998).

Defendant's suppression motion was properly denied. The People were not required to call the undercover officer at the suppression hearing because probable cause to arrest defen-

dant was clearly established through the testimony of the arresting officer and no substantial question was raised concerning the legality of the police conduct (*see, People v Petralia*, 62 NY2d 47, *cert denied* 469 US 852).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.