Desmond JONES, Petitioner–Appellant,

v.

D.A. SENKOWSKI, Superintendent,
Clinton Correctional Facility,
Respondent–Appellee.

Docket No. 00–2145.

United States Court of Appeals,
Second Circuit.

May 22, 2002.

Georgia J. Hinde, New York, NY, for
Petitioner–Appellant.

Caitlin J. Halligan, Solicitor General, for
Eliot Spitzer, Attorney General of the
State of New York (Robin A. Forshaw,
Sachin S. Pandya, Assistant Solicitors General,
of counsel), New York, NY, for Respondent–Appellee.

Present KEARSE, LEVAL, and
KATZMANN, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF,
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment
of the District Court be and it hereby is AFFIRMED.

Petitioner appeals from a judgment of
the District Court entered on February 10,
2000, based on an order of the same date,
denying on the merits his petition for a
writ of habeas corpus. For the following
reasons, we affirm the judgment of the

District Court on separate grounds. In so doing, we hereby withdraw and vacate our previous opinion in this case.

On June 4, 1996, following a jury trial in the Queens County Supreme Court, petitioner, Desmond Jones, was convicted of multiple counts of burglary, robbery, and attempted robbery stemming from a single incident in which several members of a family were robbed and assaulted in their home. He was later sentenced to a total of fifteen years imprisonment. On appeal to the Appellate Division of the New York Supreme Court, Mr. Jones challenged: (1) the State's failure to disclose his post-arrest "mug shot"; (2) certain remarks made by the prosecutor on summation; and (3) the charge given to the jury regarding the reliability of his crime scene identification. The Appellate Division rejected these claims, and the New York Court of Appeals denied leave to appeal. *See People v. Jones,* 249 A.D.2d 490, 671 N.Y.S.2d 672 (2d Dep't), *leave denied* 92 N.Y.2d 880, 678 N.Y.S.2d 27, 700 N.E.2d 565 (1998).

On April 20, 1999, Mr. Jones filed a *pro se* petition for a writ of habeas corpus, alleging the three claims he had brought on direct appeal as well as certain new claims he had not presented to the state courts previously. The District Court denied the petition in full. Despite concluding that petitioner's claims were "without any merit," the District Court nevertheless granted a certificate of appealability as to one of them, namely, petitioner's claim that the circumstances surrounding his crime-scene identification were so suggestive as to constitute a denial of his right to due process. The instant appeal ensued on that claim.

In denying petitioner's suggestive identification claim (as well as the other new claims), the District Court invoked its authority under Title 28, United States Code, Section 2254(b)(2), which provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). It thus appears that the District Court treated the suggestive identification claim as if it were unexhausted. We find, however, that the suggestive identification claim is procedurally barred in state court and is therefore exhausted for purposes of federal habeas review. We further find that petitioner cannot make the required showing of "cause" for his procedural default of his suggestive identification claim.

Federal law states that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). New York law permits only one request for direct review of a conviction, *see* N.Y. Court Rules § 500.10(a), and here, petitioner failed to bring his suggestive identification claim on direct appeal. Petitioner nevertheless argues that this claim is not procedurally barred in state court because it may be brought through a motion for a writ of error coram nobis.[1] Such a motion, however, has been authorized by New York

---

1. Following oral argument, the Court twice requested letter briefing from the parties on the question of whether petitioner's suggestive identification was procedurally defaulted. In both submissions, petitioner's counsel in effect disclaimed any intent to bring the suggestive identification claim under Section 440.10 of the New York Criminal Procedure Law. *See* N.Y.Crim. Proc. L. § 440.10(1).

courts only for claims of ineffective assistance of appellate counsel. *See People v. Bachert,* 69 N.Y.2d 593, 595–96, 516 N.Y.S.2d 623, 509 N.E.2d 318 (1987) (holding that "a common-law coram nobis proceeding brought in the proper appellate court is the only available and appropriate procedure and forum to review a claim of ineffective assistance of appellate counsel"). *See also Aparicio v. Artuz,* 269 F.3d 78, 87 n. 1 (2d Cir.2001) ("Thus far, [use of the coram nobis proceeding] has been sanctioned by the Court of Appeals only in the context of ineffective assistance of appellate counsel."); *People v. Gordon,* 183 A.D.2d 915, 584 N.Y.S.2d 318, 318 (2d Dep't 1992) (mem.) ("In a criminal action, the writ of error coram nobis lies in [the state appellate court] only to vacate an order determining an appeal on the ground that the defendant was deprived of the effective assistance of appellate counsel.").

Acknowledging the limitations on the coram nobis proceeding, petitioner contends that a claim of ineffective assistance of appellate counsel may still serve as a vehicle for consideration of the merits of his suggestive identification claim in state court, where the claim of ineffectiveness is premised on appellate counsel's *omission* of the suggestive identification claim. Petitioner argues that the state court will have to reach the merits of the suggestive identification claim to determine whether its omission "fell below an objective standard of reasonableness," and whether there was a "reasonable probability" that the omitted claim would have resulted in a reversal on appeal. *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994) (internal quotations omitted). We have indicated, however, that a claim of ineffective assistance of appellate counsel is "distinct" from the claim whose omission indicates such ineffectiveness. *See Turner v. Artuz,* 262 F.3d 118, 123 (2d Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 569, 151

L.Ed.2d 442 (2001). While consideration of petitioner's ineffective assistance claim may require the state court to evaluate the *strength* of the omitted suggestive identification claim, the ruling would still be made on the ineffectiveness claim—not the suggestiveness claim, which would merely be considered as an element of the ineffectiveness claim. As such, the coram nobis proceeding does not afford the petitioner a "right" to raise the "question presented" by his federal habeas petition in state court. To hold otherwise would be to establish that *no* claim that was omitted on direct appeal could be exhausted until such time as the habeas petitioner brought a claim in state court of ineffective assistance premised on the omission. We decline to establish such a rule.

Before a federal habeas court may consider the merits of a procedurally-defaulted claim, the petitioner must demonstrate cause for the default, and prejudice therefrom. *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). As the Supreme Court has held, "[i]neffective assistance of counsel ... is cause for a procedural default." *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Accordingly, petitioner argues that, even if we find his claim to be procedurally defaulted, we must await adjudication in state court of his ineffective assistance claim before determining whether there was "cause" for his default. This argument, however, is foreclosed by the Supreme Court's decision in *Murray,* where the Court states that "the exhaustion doctrine ... generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim *before* it may be used to establish cause for a

**488**

procedural default." *Id.* at 488–89, 106 S.Ct. 2639 (emphasis added). The Court further explains that "if a petitioner could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available." *Id.* We therefore find that petitioner cannot establish "cause" for the procedural default of his suggestive identification claim on the basis of ineffective assistance of appellate counsel. The District Court, therefore, should not have reached the substantive merits of the suggestive identification claim.[2] Denial of the claim, however, was the appropriate disposition. *See Gonzalez v. Sullivan,* 934 F.2d 419, 420 (2d Cir.1991) (explaining that procedural default without cause "constitute[s] independent and adequate state grounds that prevent federal review of these issues on a habeas corpus application.")

We have considered all of defendant's remaining arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.

---

2. We note that "a denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition ... 'second or successive' for purposes of the AEDPA." *Carter v. United States,* 150 F.3d 202, 205–06 (2d Cir.1998) (per curiam).