### Alton COTTREL, Petitioner,

### v.

### People of the State of NEW YORK, Respondents.

### No. 01 CIV. 4540.

United States District Court,
S.D. New York.

April 28, 2003.

---

Alton Cottrel, Batavia, Pro se.

### *DECISION AND ORDER*

MARRERO, District Judge.

Petitioner, Alton Cottrel ("Cottrel") moves for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the petition is DENIED.

### I. *BACKGROUND*

On January 23, 1998, Cottrel was convicted in New York State Supreme Court, Bronx County, after a jury trial, of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree. On January 23, 1998, Cottrel was sentenced as a predicate felon and the trial court imposed a sentence of five to ten years imprisonment on each of the two counts of criminal activity for which he was convicted.

In his appeal to the New York State Supreme Court, Appellate Division, First Department, ("the Appellate Division")

Cottrel challenged: (i) the trial court's alleged failure to read back testimony that the jury had requested; (ii) the trial court's alleged failure to instruct the jury that the state had the burden of proving each of the elements of the crimes charged beyond a reasonable doubt; (iii) the trial court's alleged marshaling of the evidence in its jury instructions; (iv) the police stop and arrest for lack of probable cause, thus requiring suppression of all evidence seized; and (v) the verdict, on the grounds that it was against the weight of the evidence. On September 26, 2000, the Appellate Division issued its ruling affirming the trial court's decision in all respects. *People v. Cottrel*, 275 A.D.2d 644, 713 N.Y.S.2d 328 (App. Div. 1st Dep't 2000). Leave to appeal to the New York Court of Appeals was denied on January 30, 2001. *People v. Cottrel*, 96 N.Y.2d 733, 722 N.Y.S.2d 800, 745 N.E.2d 1023 (N.Y.2001).

In the instant petition, Cottrel raises four of the five grounds for reversal that were presented on his direct appeal: that he was denied his due process right to a fair trial because of the failure of the trial court to read back trial testimony, deficient jury instructions, improper marshaling of the evidence, and that the verdict was against the weight of the evidence.

## II. *DISCUSSION*

### A. *READ–BACK OF TRIAL TESTIMONY*

■ Respondents argue that Cottrel's claim that the trial court erred in failing to

read back trial testimony is procedurally barred for federal habeas review because it was not raised on federal constitutional grounds in his state court appeal. The standard for exhaustion of federal claims is that a federal claim must be "fairly presented to the state courts" before a federal court may consider the merits of the petition. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *accord Duncan v. Henry*, 513 U.S. 364, 365–367, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (Souter J., concurring). In his state court appellate brief, Cottrel did indicate in the "Questions Presented" section that each claim asserted was alleged to violate both federal and state law. However, in arguing the read-back claim, Cottrel does not make reference to federal law or indicate explicitly that the trial court's conduct violated the United States Constitution. In any event, given that Cottrel's state and federal claims relating to the read-back issue are based on the same basic principles of law, and that the federal basis was included in his appeal, albeit obliquely, the Court deems Cottrel's challenge of the trial court's failure to read back testimony, as well as all other claims brought before the Appellate Division, sufficiently exhausted for purposes of ruling on this petition.[1]

■ Considered on the merits, Cottrel's challenge to the trial court's actions does not rise to the level of a federal constitu-

---

1. Respondent also argues that if Cottrel's claim is unexhausted on federal grounds, the Court must deem Cottrel's claim exhausted, but forfeited because Cottrel has no available corrective state procedure. *See Teague v. Lane*, 489 U.S. 288, 297–98, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *Harris v. Reed*, 489 U.S. 255, 263 n. 9, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir.1991). As Respondent correctly points out, Cottrel can not return to

state court to correct any alleged deficiencies in the federal grounds presented in his appeal because the time has expired for any such return and because further proceedings are barred from collateral review. *See* N.Y. C.P.L.R. §§ 500.10(a), 600.8(b); N.Y.Crim. Proc. § 440.10(2)(a),(c). In such circumstances, Cottrel must either show cause for his failure to exhaust or prejudice if the claim is not considered; otherwise, the claim is deemed procedurally barred and can not be

tional violation. During deliberations, the jury sent a note to the trial court requesting to see "all the physical evidence, testimony from both officers, defense witness testimony concerning how many people were in the van and what he saw pulled out on [the] car." (Transcript of the trial conducted on Nov. 14, 1997—Nov. 20, 1997 ("Tr.Trans.") at 304.) This note was sent to the trial court at a quarter to five in the afternoon. All of the physical evidence was provided to the jury. *Id.*

As to the testimonial evidence, the trial court expressed concern about the broadness of the request: "Basically, you have asked for the recitation of the entire trial. I always worry about [sic] when I get a note like that ..." Therefore, he suggested that the jury adjourn for the day, given the late hour, and that the following morning they attempt to narrow the request for a read-back of testimonial evidence: "We're going to recess at this point, you're going to go home ... I want you to think about the testimony that you heard on Monday and today and try and pinpoint, I've talked to the court reporter and he estimated that it would run about three hours." (Tr. Trans.305–306). In the end, the trial court ensured the jury that if that is truly what they wanted, a three-hour read-back of the testimony, "we will do it, that is not a problem, not a problem at all."

The following day, defense counsel noted his objection to the trial court's instruction to the jury to narrow the request for a read-back of trial testimony and requested that the trial court comply with the jury's request in its entirety. (*See* Tr. Trans. at 309–310.) The trial court contested defense counsel's characterization of the court's instructions to the jury to the extent that the defense counsel argued that the trial court did not comply with the jury request. (*Id.*) The trial court underscored the court's instruction that if the jury did in fact want the a three-hour read-back of testimony, the court was willing to comply, and noted that the court asked the jury to narrow the request if possible and to the extent a more narrowed request was more in line with the jury's original intent. (*Id.*)

That morning, the jury sent another note to the trial court narrowing their request for a read-back of trial testimony to "the testimony concerning what the arresting officer said about the money, $68.00, recovered and where and when he recovered the money from." (*Id.* at 317.) Before having this brief excerpt read, the trial court again elaborated on his instruction concerning the previous day's note:

> Now, that was left unanswered yesterday mostly because of the time, it was five o'clock, I didn't want to keep you here listening to testimony until late in the day since we were going to recess at that point ... So that if you want any of that testimony, we'll be happy to give it to you, and provide you with it.... If at any time it should change and you need to refer back to that testimony or any other portion of it, you just send us a new note, we will bring you down and we'll comply with your request.

(*Id.* at 318–319.)

 Generally, in all claims relating to the insufficiency or impropriety of jury instructions, "a jury charge in a state trial is normally a matter of state law and is not reviewable on federal habeas corpus absent a showing that the alleged errors were so serious as to deprive defendant of

---

considered on habeas review. *Jones v. Senkowski,* 42 Fed.Appx. 485 (2d Cir.2002). Cottrel has not argued cause or prejudice for the procedural bar in state court. However, the Court deems the read-back issue exhausted on federal grounds because it was so designated in the brief, and therefore the Court decides the issue on the merits.

a federal constitutional right." *United States ex rel. Smith v. Montanye,* 505 F.2d 1355, 1359 (2d Cir.1974). Rather, fundamental unfairness must be shown for the exclusion of testimony to suffice for federal habeas relief. *See U.S. v. Jones,* 531 F.Supp. 173, 176 (N.D.N.Y.1982) (citations omitted).

■ Whether to allow testimonial evidence to be read back to the jury is within the discretion of the trial court. *United States v. Damsky,* 740 F.2d 134, 137 (2d Cir.1984) (no abuse of discretion where trial court urged jurors to search their memories before requesting read-backs of testimony); *United States v. Criollo,* 962 F.2d 241, 243 (2d Cir.1992); *United States v. Ratcliffe,* 550 F.2d 431, 434 (9th Cir. 1976) (per curiam) (no abuse of discretion where trial court refused to allow any read-backs in order to induce jurors to pay attention); *Bernard v. Riley,* No. 88 Civ. 2382, 1988 WL 140659, at *2 (E.D.N.Y. Dec.16, 1988) (trial court's jury instruction discouraging read-backs did not rise to the level of constitutional error).

■ Therefore, review of a trial court's decision concerning whether to allow testimony to be read back is reviewed for abuse of discretion. *See Damsky,* 740 F.2d at 138. The Second Circuit has instructed that in determining whether to provide read-backs, the trial court may consider such factors as: (i) whether reading certain testimony will unduly call attention to it; (ii) whether giving the read-back will unduly delay the proceeding; and (iii) the difficulty involved in giving a read-back. *Damsky,* 740 F.2d at 138. Under New York law, the trial court also has discretion in responding to the jury's request, so long as "the court respond(s) meaningfully to the jury's request for further instruction or information." *People v. Malloy,* 55 N.Y.2d 296, 449 N.Y.S.2d 168, 434 N.E.2d 237, 240 (N.Y.1982).

In this case, no error of a constitutional dimension exists, nor is there even reversible error under state law. The trial court here did not refuse to provide the read-back testimony requested by the jury, as in the state court cases cited by Cottrel. *See People v. Arcarola,* 96 A.D.2d 1081, 466 N.Y.S.2d 719 (App. Div.2d Dep't 1983) ("The trial court's refusal to permit the read backs as requested constituted reversible error."); *People v. Nichols,* 163 A.D.2d 904, 558 N.Y.S.2d 772 (App. Div. 4th Dep't 1990) (trial court's refusal to allow the jury to hear again the testimony of the defendant and the victim's neighbors constituted reversible error). To the contrary, the trial judge was careful to indicate on two separate occasions that if, upon reflection, what the jury wanted was the three-hour read-back initially requested, it would provide that information.

° At most, therefore, the trial court may have discouraged the entire testimonial read-back first requested by the jury. In discussing a somewhat similar situation in which a trial court urged jurors to search their memories before asking for trial testimony to be read back, the Second Circuit held that "while urging a jury to try to remember testimony before asking for a read-back is not generally error, it does not seem to be wise policy." *Damsky,* 740 F.2d at 138 (citing *United States v. Pimental,* 645 F.2d 85, 87 (1st Cir.1981)). However, such discouragement is not held to be an abuse of discretion. *Id.; see also Bernard,* 1988 WL 140659, at *2.

■ In this case, a finding of error is even less suitable than in the facts presented in *Damsky.* There, the trial court indicated during his general instructions to the jury that read-backs should be requested only if the jury members' memories failed them. 740 F.2d at 137. In this case, the discouragement of the read-back

request was not made generally, but only in response to a read-back request that was very broad, requiring a significant amount of time—three hours—to provide the requested testimony. One of the factors directly relevant to whether a read-back request should be granted is whether it will cause undue delay. *Id.* at 138; *see also U.S. v. Bertoli,* 40 F.3d 1384, 1399 (3d Cir.1994) (discretion to determine appropriateness of reading back testimonial evidence is limited to two considerations: (1) requests that may slow the trial when the requested testimony is lengthy; (2) concern for undue weight given to read-back testimony).

Accordingly, the trial court's request that the jury curtail its lengthy request for read-back testimony, if possible, coupled with the assurance that if the jury determined that it did want the entire read-back requested the court would provide it, did not violate Cottrel's due process rights.

## B. *SUFFICIENCY OF TRIAL COURT'S JURY CHARGE*

▆▆▆ Cottrel argues that the trial court erroneously failed to instruct the jury that the state had the burden of providing each material element of the crimes charged beyond a reasonable doubt, with particular emphasis on the trial court's failure to specify the burden of proving beyond a reasonable doubt that Cottrel sold the controlled substance. As indicated above, an erroneous jury charge rises to the level of a constitutional violation only if " 'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.' " *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973)). Only a charge that, read as a whole, is determined to confuse the jury as to the proper standard

of proof is reversible error on habeas review. *See id.* at 72, 112 S.Ct. 475.

▆▆▆ Here, read as a whole, the jury instructions given by the trial court are sufficient to have reasonably conveyed to the jury the proper standard of proof necessary, including the obligation to find Cottrel guilty beyond a reasonable doubt as to all the elements of the crimes with which he was charged. Specifically, the trial court instructed the jury that "Before you may convict the defendant of either of the two crimes charged, you must be satisfied as to his guilt beyond any reasonable doubt. I will explain exactly what the elements are that have to be proven beyond a reasonable doubt in a moment." (Tr. Trans. at 291–293) After going through each of the elements, intermittently referring to the reasonable doubt standard, the trial judge appropriately summed up the jury's charge: "[S]o to wrap it up, what must the D.A. prove beyond a reasonable doubt? One, that it was Alton Cottrel who sold the drugs, that he did in fact sell cocaine, a narcotic drug, to the undercover police officer, and that he did it knowingly and he did it unlawfully as I just explained it." (Tr. Trans. at 294.)

This instruction specifically points to the necessity of proving beyond a reasonable doubt that Cottrel sold the narcotic drug, which is the element that Cottrel specified to have been deficiently covered in the trial court's jury instructions. Based on these cites, and other references to the state's burden to prove specific elements of the crime beyond a reasonable doubt, taken as a whole the trial court's jury instructions sufficiently conveyed the appropriate legal standard. *See Estelle,* 502 U.S. at 72, 112 S.Ct. 475; *Vargas v. Keane,* 86 F.3d 1273, 1277 (2d Cir.1996) (a jury charge is not constitutionally flawed where there is no "reasonable likelihood that the jury un-

derstood the instructions to allow conviction based on proof insufficient to meet the standard of proof beyond a reasonable doubt.") In sum, the trial court's proof beyond a reasonable doubt charge did not "so infect the entire trial" such that it constituted a violation of due process. *Estelle*, 502 U.S. at 72, 112 S.Ct. 475.

## C. *IMPROPER MARSHALING OF THE EVIDENCE*

■ Cottrel's third claim is that the trial court's improper marshaling of the evidence during the jury charge violated his due process rights to a fair trial. In particular, Cottrel alleges impropriety in the trial court's instruction that: (1) jurors consider lighting conditions, based on their familiarity with New York City street lights, in deciding whether the undercover officer's identification was accurate and reliable; (2) jurors should consider whether police testimony that Cottrel wore a shirt with the number "95" on it at the location and time the crime took place made the identification stronger or weaker; and (3) jurors should attempt to reconcile conflicting testimony if they could do so in good conscience. Moreover, Cottrel complains that the trial court improperly failed to include in its jury instructions defense arguments concerning the identification, specifically concerning the undercover officer's failure to notice that Cottrel wore a hat on the night of the incident, although he was wearing a hat in an arrest photograph.

Cottrel's improper marshaling claim is procedurally barred from habeas review. On appeal of the guilty verdict entered by the trial court, the Appellate Division indicated that Cottrel's contention concerning the improper marshaling of evidence by the trial court was unpreserved and therefore barred from review. *Cottrel*, 713 N.Y.S.2d at 328. Alternately, the Appel-

late Division indicated that if the claim were to be reviewed, it would be denied. *Id.*

The Supreme Court has held that "an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (citations omitted); accord *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir.1997). Cottrel does not provide any such explanation as to why his improper marshaling claim became procedurally barred, nor does he indicate the existence of a fundamental miscarriage of justice if the Court fails to review his claim for habeas relief. Accordingly, this Court is barred from reviewing Cottrel's improper marshaling claim since the Appellate Division refused to review it on the grounds that it was procedurally unpreserved. *See Garcia v. Lewis*, 188 F.3d 71, 82 (2d Cir.1999) (it is improper "to second-guess a state courts's determination as to which there is a fair and substantial basis in state law."); *Maula v. Freckleton*, 972 F.2d 27, 28 (2d Cir.1992) ("Under established federal habeas principles, we must defer to the state court's determination of [an] issue of state procedural law.") (citations omitted); *Pressley v. Bennett*, 235 F.Supp.2d 349, 361–362 (refusing to review claims deemed procedurally barred on state grounds). The procedural bar in this case is not affected by the Appellate Division's alternate ruling on the merits. *See Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir.1990) ("Federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the

state court has also ruled in the alternative on the merits of the federal claim.")

## D. *AGAINST THE WEIGHT OF THE EVIDENCE*

Cottrel's final claim in his petition is that the verdict was against the weight of the evidence and was therefore insufficient to support his conviction. Respondent here argues that the claim is procedurally barred because it was not presented on federal grounds in state court, and that in any event, it does not rise to the level of a federal constitutional violation.

As the Court held in part II.A above concerning the jury read-back issue, although arguable, the Court deems Cottrel's sufficiency claim exhausted under federal law because the federal ground was at least included in the "Questions Presented" portion of Cottrel's appellate brief. Accordingly, the Court decides the issue on the merits.

■■■■ This Court can not sit as a trier of fact over Cottrel's state court conviction. Rather, on habeas review, the only proper inquiry on a challenge to a conviction based on the sufficiency of the evidence is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Wheel v. Robinson*, 34 F.3d 60, 66 (2d Cir.1994). Although state appellate courts may consider "the relative probative force of conflicting testimony and the relative strength of conflicting inferences that be drawn from the testimony," *see People v. Bleakley*, 69 N.Y.2d 490, 515 N.Y.S.2d 761, 508 N.E.2d 672, 675 (N.Y.1987) (citations omitted), a federal court on habeas review must consider the evidence in the light most favorable to the prosecution without weighing the credibility or persuasiveness

of the evidence. *See Jackson*, 443 U.S. at 319–320, 99 S.Ct. 2781.

■■■■ Under this standard of review, the Court finds that, given the evidence presented by the prosecutor, a rational trier of fact could have found Cottrel guilty beyond a reasonable doubt. Based on the testimony of Officers Rivas and Quinones as well as the physical evidence in the record, including eleven slabs of crack-cocaine recovered from Cottrel after his arrest, a reasonable jury could have credited this weighty evidence, despite potentially conflicting testimony by defense witnesses, finding Cottrel guilty of possession and sale of crack-cocaine. Specifically, a rational jury could have discredited Cottrel's sole defense witness, Harold Charles, and instead credited the testimonial evidence of the police officers who stopped and arrested Cottrel, one of whom testified that he bought drugs from Cottrel with marked money found on Cottrel's person, as well as the physical evidence presented at the trial.

■■■■ In conducting a review for the sufficiency of the evidence, this Court must defer to the jury's credibility determinations as sustained by state courts, since it is not the province of a federal court on habeas review to reassess the credibility of witnesses it has not even observed. *See Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983) ("Title 28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."); *Maggio v. Fulford*, 462 U.S. 111, 113, 103 S.Ct. 2261, 76 L.Ed.2d 794 (1983). In light of the significant evidence the prosecutor presented, both testimonial and physical, incriminating Cottrel and contradicting Cottrel's defense, a reasonable trier of fact could have found that he was proved guilty beyond a reasonable

doubt of the crimes for which he was indicted. Cottrel's petition must therefore be denied.

## III. *ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that Cottrel's petition for habeas corpus relief is denied.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**