08-2054-pr
Lebron v. Sanders

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

———————————

August Term, 2007

(Submitted: July 30, 2008

Motions Decided: January 26, 2009
Amended: February 19, 2009)

Docket No. 08-2054-pr

———————————

ELVIN LEBRON,

*Petitioner-Appellant*,

—v.—

THOMAS C. SANDERS,

*Respondent-Appellee*

———————————

B e f o r e :

SOTOMAYOR, KATZMANN AND WESLEY,

*Circuit Judges*.

———————————

Appellant, *pro se*, moves for an extension of time to file motions to proceed *in forma pauperis* and for a certificate of appealability because of his inability to obtain federal opinions available only on Westlaw, Lexis or in the *Federal Appendix*, cited by the district court in its opinion and order dismissing appellant's habeas petition. The motion is GRANTED.

———————————————————

PER CURIAM:

Appellant Elvin Lebron moves for an extension of time to file motions (1) to proceed *in forma pauperis* ("IFP"), and (2) for a certificate of appealability ("COA") with respect to his habeas petition. In its opinion dismissing Lebron's habeas petition, the district court cited several decisions available only on fee-based, electronic databases or in the *Federal Appendix*

that Lebron cannot access in prison. Some of these decisions had been cited by appellee in its brief in opposition to Lebron's habeas petition. Despite Lebron's requests, neither the district court nor appellee provided him with paper copies of these opinions.[1] Because Lebron cannot access, without cost, from prison some of the federal case law that form a part of the substantive basis of the district court's challenged opinion, the motion is GRANTED insofar as Lebron must file his motions within thirty days of this order. In order to forestall further delay of this appeal, the Court will provide Lebron with the opinions from Westlaw, Lexis and the *Federal Appendix* to which the district court and appellee cited.[2]

## DISCUSSION

On March 25, 2008, the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., J.) denied Lebron's habeas petition on the merits and declined to issue a certificate of appealability.[3] In its decision and order, the district court cited nine opinions

---

[1] Lebron's motions were unopposed, and we assume that his allegations are true in this opinion. We note, however, that after the initial filing of this opinion, appellee submitted a letter in which it represented that it had provided Lebron with copies of unreported cases cited in its brief.

[2] We note that the opinion published in the *Federal Appendix* to which the district court cited is available, without cost, at http://www.ca2.uscourts.gov. We lack information on whether *pro se* litigants in prison have access to either the *Federal Appendix* or this Court's website. Assuming, however, that these sources are unavailable to a *pro se* litigant in prison, we will provide a copy of this opinion as well. Furthermore, we recognize that the summary order cited by the district court has no precedential effect under our rules. *See* Local Rule of the Second Circuit 32.1 ("Rulings by summary order do not have precedential effect."). Nonetheless, the district court deemed the summary order persuasive enough to cite, and we presume that a summary order contains citations to precedential opinions that are relevant.

[3] Because the district court declined to issue a COA, Lebron could not take an appeal until he moved this Court to issue one or filed a notice of appeal, which we may treat as a COA.

available only on the fee-based, electronic databases of Westlaw and Lexis or in the *Federal Appendix.*[4]  Appellee had cited two of these opinions (not counting an unreported decision from Lebron's own case) in its opposition to Lebron's habeas petition.  Lebron timely filed a notice of appeal and moved this Court for an extension of time to file a motion to proceed IFP.  On May 27, 2008, the Court extended the deadline to file motions to proceed IFP and for a COA by approximately five weeks and indicated that no further extensions would be granted.  Nonetheless, Lebron moved on June 26, 2008 for a ninety-day extension.  Lebron explained that he needed additional time to prepare his motions because he was unable to access all of the cases cited by the district court and neither the district court nor the appellee had provided paper copies after he had requested them to do so.[5]

---

*See* Fed. R. App. P. 22(b).  Although Lebron has filed a notice of appeal, it fails to satisfy this Circuit's local rules, which require a COA to "identify each issue that the appellant intends to raise on appeal and shall state, with respect to each issue, facts and a brief statement of reasons showing a denial of a constitutional right."  Local Rule of the United States Court of Appeals for the Second Circuit 22(a).

[4] Lebron incorrectly asserts that the district court cited "fourteen unpublished decisions." We identify only nine.  Of these, one opinion (a denial of a petition for writ of certiorari) has since been reported as *Brown v. McKithen*, 128 S. Ct. 1218 (2008).  Another opinion was from Lebron's own case, and Lebron has presumably received a copy.  Our opinion therefore focuses on the seven other citations.  We observe that, with the exception of the district court's citation to our summary order in *Jones v. Senkowski*, No. 00-2145, 42 Fed. Appx. 485 (2d Cir. 2002), available at http://www.ca2.uscourts.gov, each of the district court's citations to an unpublished opinion was in addition to at least one citation to a published opinion.

[5] Lebron also claims that he has been encountering difficulty obtaining from the prison library copies of published New York State decisions cited in the district court's opinion. Lebron, however, has failed to explain what efforts he has made to obtain these opinions through the administrative grievance procedures of the New York State Department of Correctional Services.  As a result, we are unable to conclude whether Lebron has in fact been denied access to these materials.

Since April 11, 2008, the local rules of the Southern District of New York have required counsel to provide a *pro se* litigant with printed copies of decisions cited in counsel's submissions to court when those decisions are unreported or reported exclusively on computerized databases. Local Civil Rule of the Southern and Eastern Districts of New York 7.1(c). Lebron claims that, in violation of this rule, appellee did not provide Lebron with copies of decisions that are unreported or available only electronically but that were cited in appellee's opposition to Lebron's habeas petition, even after Lebron requested these materials. However this new rule was not effective until after both appellee had filed its memorandum of law and Lebron had subsequently requested the unpublished opinions from appellee.

Nonetheless, we are concerned about the impact on the appearance of justice when *pro se* litigants may not have financial access to case authorities that form the basis of a court's decision, thereby hampering the litigants' opportunities to understand and assert their legal rights. Much book-published case law is available to *pro se* or indigent parties free-of-charge. For example, New York law requires that "[e]ach county of the state shall have a court law library which shall be . . . open to the public." N.Y. Judiciary Law § 813 (McKinney 2008). In addition, various public and private libraries have been designated "depository libraries" and provide public access to federal publications. *See* 44 U.S.C. §§ 1901–1916. A review of some of these libraries' catalogs indicates that they carry the *Federal Reporter* but not the *Federal Appendix*. Moreover, we are aware that many public libraries offer Internet access, but that accessibility does not include payment for fee-based sites. Regardless of the case law available in courts and public libraries, we do not know whether *pro se* litigants incarcerated in state and federal prisons

4

have access to electronic databases (both non-fee-based as well as fee-based, such as Lexis and Westlaw).

The availability to *pro se* indigent litigants of case authorities available only in fee-based electronic databases and other access-limited, fee-based publications like the *Federal Appendix* is an important issue for courts to consider. We believe that the Judicial Council of the Second Circuit is the body best suited to consider this issue in the first instance and determine whether further local or other rules should be developed to address this situation.[6]

In the interim, we hope that district courts will be sensitive both to ensuring that their local rules are strictly enforced and to considerations of whether *pro se* indigent litigants will have access, without cost, to review the case law relied upon by a district court in ruling upon the litigants' claims.[7] We note that the district court in this instance could have asked opposing counsel to provide Lebron with copies of the unpublished decisions and electronically-available-only opinions that Lebron requested. Further, the court might have considered whether its citations to decisions published in the *Federal Reporter* or *Federal Supplement* were sufficient and rendered unnecessary its citations to unpublished opinions or decisions available only in electronic form.

## CONCLUSION

[6] The Judicial Council of the Second Circuit, established pursuant to 28 U.S.C. § 332, is the regional governing body of the judiciary within this Circuit. It consists of district judges in this Circuit as well as the Chief Judge and several other members of this Court. *Id*.

[7] We do not suggest that published district court opinions are more persuasive than unpublished district court opinions; nor do we discourage district courts from citing to an unpublished opinion that is, for any reason, more appropriate than a published one.

For the foregoing reasons, the motion by appellant Elvin Lebron is GRANTED to the extent that his motion to proceed IFP and for a COA is due within 30 days of this Order. In the interest of judicial efficiency, the Court will send to Lebron, along with a copy of this Order, the opinions from Westlaw, Lexis and the *Federal Appendix* to which the district court cited (including those decisions that were also cited in appellee's opposition to the habeas petition). Furthermore, we remind counsel of the new obligation imposed by local rules of the Southern and Eastern Districts of New York to provide *pro se* litigants with copies of unreported decisions or decisions reported exclusively on computerized databases that are cited in their submissions to court.